CITY OF COLUMBUS, APPELLEE, *v.* MICHEL, APPELLANT.

[Cite as Columbus v. Michel (1978), 55 Ohio App. 2d 46.]

(No. 77AP-702—Decided January 10, 1978.)

*Mr. John L. Francis,* city attorney, *Mr. Richard Ferrell,* and *Mr. Andrew J. Rocker,* for appellee.

*Mr. James Kura,* public defender, *Mr. C. William Lutz, Mr. Gregory Ayers,* and *Mr. Richard Curtner,* for appellant.

STRAUSBAUGH, P. J. This is an appeal by defendant from a conviction in the Franklin County Municipal Court for the offense of obstructing official business, prohibited by Columbus City Code 2315.03, "by refusing to open door at apartment 75 East 9th Avenue after repeated requests."

The record indicates that at approximately 1:30 a. m., on April 16, 1977, Columbus Police Officers Miller and Dillin were dispatched to 75 East 9th Avenue, apartment 6, on a domestic disturbance and a fight; that upon arriving at the scene they observed the upper level apartment on the east side with a window broken out; that there was a telephone receiver and broken glass lying on the grond directly beneath the window; that a woman in the bottom apartment came out and made herself known as the person who made the call; that the two officers proceeded to apartment 6, knocked several times on the door, but got no response; that the officers heard the sound of someone walking around in

the apartment; that upon their arrival they had seen a light in the apartment but that, after knocking on the door, the light had been extinguished; that repeated knocking on the door and calls to, "open the door," while identifying themselves as police officers, elicited no response.

After approximately seven to ten minutes of knocking on the door and calling on the occupants to open the door, the officers yelled through the door that if the occupants did not open the door they were going to kick the door in. Approximately two minutes later the door was opened by one of the occupants who stepped outside and was searched. After that the defendant walked outside where he was also frisked.

The defendant stated that he lived in the apartment and that he did not answer the door because he was on probation and did not want to get in trouble with the police. The officers testified that based upon the information they had received concerning a fight, the evidence of a broken window and the telephone receiver lying on the ground outside, and the fact that the occupant of the apartment did not answer the door, they assumed that there may have been a robbery and that the burglars had beaten the residents and that someone had been killed in the apartment.

Defendant makes three assignments of error:

1. "The trial court erred when it found that appellant's refusal to open the door to his home upon the request of a police officer constituted a violation of Ohio Revised Code Section 2921.31."

2. "A statement made merely in the presence of the defendant is inadmissible."

3. "The trial court erred in overruling appellant's objection to Officer Dillin's testimony regarding the statement of a third party."

Defendant was arrested and convicted under Columbus City Code 2315.03(A) which contains the same language as R. C. 2921.31(A). Columbus City Code 2315.03(A) provides:

"No person, without privilege to do so and with purpose to prevent, obstruct, or delay the performance by a

public official of any authorized act within his official capacity, shall do any act which hampers or impedes a public official in the performance of his lawful duty."

Defendant states that the issue presented is whether the above ordinance includes within its prohibition the refusal of an individual to open the door to his home to a police officer. We find that the crucial language in the above ordinance is "shall do any act." We find that the section in question does not make an omission to act a violation of the ordinance, but, rather, requires the doing of *some* act. Here the evidence is clear and unequivocal that defendant committed *no* act which would hamper or impede the law enforcement officers, but, rather, it was his omission of action that led to his arrest. The legislative body has not seen fit to make an omission to act a crime. Therefore, the trial court erred in finding defendant guilty, inasmuch as the ordinance does not encompass such failure to act.

The court is not unmindful of the situation faced by the officers. It would appear that under the facts of the instant case the officers would have been justified in breaking open the door of the apartment to determine whether anyone was injured in the apartment. However, defendant's failure to open the door to the apartment is not made a crime under Columbus City Code 2315.03. Defendant's first assignment of error is sustained.

Defendant's second and third assignments of error are overruled as being not prejudicial to the defendant. For the foregoing reasons the judgment of the trial court is reversed.

*Judgment reversed and cause remanded.*

REILLY and McCORMAC, JJ., concur.