THE STATE OF OHIO *v.* MULDROW.
THE STATE OF OHIO *v.* STRICKLEY.

(Nos. 83-CRB-15471 and -21491—
Decided November 23, 1983.)

12

Hamilton County Municipal Court.

*Mr. Mark C. Vollman,* assistant city prosecutor, for plaintiff.

*Mr. Daniel E. Whiteley, Jr.,* for defendant Willie Muldrow.

*Mr. Ferd H. Kleinhaus, Jr.,* for defendant Thomas Strickley.

PAINTER, J. These two cases were consolidated for purpose of decision, the facts being stipulated in each. The stipulated facts are as follows:

Both defendants, Willie Muldrow and Thomas Strickley, while in police custody on other charges, refused to be finger-printed, such procedure being part of the ordinary identification process by the Cincinnati Police. It was further stipulated that the police officers who were attempting to fingerprint the defendants were public officials attempting to perform an authorized act within the scope of their official capacity.

The defendants were charged with obstructing official business, R.C. 2921.31(A), which provides:

"No person, without privilege to do so and with purpose to prevent, obstruct, or delay the performance by a public official of any authorized act within his official capacity, shall do any act which hampers or impedes a public official in the performance of his lawful duties."

It is well-settled that the constitutional privilege against self-incrimination offers no protection against compulsion to submit to fingerprinting. *Schmerber* v. *California* (1966), 384 U.S. 757.

Secondly, the prosecution contends, and we agree, that there was a "substantial stoppage of the officer's progress," as required in *State* v. *Stephens* (1978), 57 Ohio App. 2d 229, 230 [11 O.O.3d 301]. Certainly, the defendants' refusals to be fingerprinted, thereby preventing the determination of their true identities for a matter of hours, constitute substantial stoppage of the officers' progress in the performance of their official duties.

Given the fact that unsworn false oral statements have been determined not to be a violation of this section (*State* v. *Rogers* [1979], 60 Ohio St. 2d 162 [14 O.O.3d 403]; *State* v. *Jelliffe* [1982], 5 Ohio Misc. 2d 20), if a defendant gives the officer a wrong name, the only way it will be straightened out is by the identification process. In the real world, the officers should have some means, rather than by sheer force, to compel the defendants to submit to fingerprinting and some charges to bring if defendants fail to do so. Unfortunately, we cannot find the defendants guilty under the section here involved.

The case of *Columbus* v. *Michel* (1978), 55 Ohio App. 2d 46 [9 O.O.3d 207], is relevant to the present cases. There, the Court of Appeals for Franklin County ruled that an omission could not be the basis of a conviction under R.C. 2921.31(A) and that there must be an "act." Construing a Columbus ordinance with the exact same language as the state statute, the court stated at page 48 as follows:

"We find that the crucial language in the above ordinance is 'shall do any act.' We find that the section in question does not make an omission to act a violation of the ordinance, but, rather, requires the doing of *some* act. * * * The legislative body has not seen fit to make an omission to act a crime." (Emphasis *sic*.)

This court believes that the legislature should act in some fashion, considering that the "obstructing" statute has been severely emasculated. However, this court is not the legislature, and can only construe the law as written, and we are constrained, under the law, to find the defendants not guilty.

*Defendants not guilty.*