CITY OF HAMILTON, APPELLEE, *v.* HAMM, APPELLANT.

(No. CA85-08-100—Decided December 22, 1986.)

*Gerald L. Pater,* for appellee.
*Al Edmunds,* for appellant.

JONES, P.J. Defendant-appellant, Jocelyn Hamm, appeals her conviction for obstructing official business contrary to Section 525.07(A) of the Codified Ordinances of the city of Hamilton, Ohio. She was found guilty by a jury in Hamilton Municipal Court and was sentenced to ninety days in jail. She presents a single assignment of error, as follows:

"A conviction for the offense of obstructing official business is against the manifest weight of the evidence and contrary to the law where the act alleged to constitute said offense, is an individual's refusal to sign their [*sic*] name to the acknowledgment of a debt."

Appellant appeared in court on March 15, 1985 pursuant to a traffic citation wherein she was charged with having a faulty muffler on her automobile. The transcript of testimony indicates that she vigorously defended the traffic charge, contending that she had quite recently replaced the muffler on her automobile, that such muffler was not defective, and that she was therefore innocent. She was adjudged guilty at a bench trial and ordered to pay a small fine and costs. She was quite upset with the finding of guilty, remonstrated with the court, left the court room, and headed toward an exit from the building. A municipal court bailiff prevented her from leaving the building and escorted her to the cashier's office with instructions to either pay the fine and costs or sign an agreement to do so. She expressed her intention of appealing the finding of guilt, and was told that she had a right to do so. She continued to maintain her innocence as to the charge dealing with the muffler, and refused to sign the tendered paper which would have given her an opportunity to pay the fine and costs on a delayed basis. The bailiff thereupon arrested her for obstructing official business and took her to jail. We reverse.

Section 525.07 of the Codified Ordinances of the city of Hamilton, Ohio, reads as follows:

"(A)  No person, without privilege to do so and with purpose to prevent, obstruct, or delay the performance by a public official of any authorized act within his official capacity, shall do any act which hampers or impedes a public official in the performance of his lawful duties.

"(B)  Whoever violates this section is guilty of obstructing official business, a misdemeanor of the second degree."

The ordinance in question is a verbatim copy of R.C. 2921.31, enacted January 1, 1974. The Committee Comment to R.C. 2921.31 reads as follows:

"This section consolidates a plethora of separate sections in former law of which the gist was hampering, impeding, obstructing, or interfering with particular public officials in certain duties. Under this section, the means used to commit the offense is unimportant, so long as it is done without privilege, and with the purpose of preventing, obstructing, or delaying an official act, and actually has its intended effect.

"Obstructing official business is a misdemeanor of the second degree."

It is readily apparent that one cannot be found guilty of either the statute or the ordinance unless he "hampers or impedes a public official in the performance of his lawful duties." Other courts have held, and we agree, that one cannot be guilty of obstructing official business by doing nothing. See, e.g., State v. Muldrow (M.C. 1983), 10 Misc. 2d 11, 10 OBR 164, 460 N.E. 2d 1177 (defendant did not obstruct official business by refusing to be fingerprinted as part of police identification procedure); Dayton v. Peterson (M.C. 1978), 56 Ohio Misc. 12, 9 O.O. 3d 353, 381 N.E. 2d 1154 (defendant did not obstruct official business by refusing to disclose name in response to police inquiry). The failure to sign a tendered paper constituting an agreement to pay a fine and costs does not constitute affirmative action such as is contemplated by the statute and ordinance. Appellant's failure to sign the tendered agreement may well have been motivated by a belief that she was thereby agreeing to the finding of guilty on the traffic charge and that she would be deprived of an appeal. Woven throughout the transcript of testimony is a belief on the part of municipal officials that appellant should be arrested because she was not "cooperating," that she refused to follow "the customary procedure," and that she "refused to accept the responsibility" imposed upon her. Such may well represent an ingrained philosophy on the part of court personnel that appellant was somehow obstructing official business when she refused to sign the form prepared for her signature. Obviously she did not have to sign it. By the same token she could have been detained until she paid what was owed or made arrangements to do so, but in this instance the bailiff chose to file a new and separate charge. She was arrested, not for what she did, but for what she failed to do. The ordinance, however, requires her to do something, i.e., "do any act which hampers or impedes a public official." (Emphasis added.) We agree with Columbus v. Michel (1978), 55 Ohio App. 2d 46, 9 O.O. 3d 207, 378 N.E. 2d 1077, syllabus, wherein the court held:

"A municipal ordinance, phrased in the language of R.C. 2921.31(A), prohibits 'acts' which hamper a public official in the performance of his duty, and the mere failure of a person to respond to an officer's request is not in violation of the ordinance."

We find the sole assignment of error to be well-taken. The conviction is reversed, and defendant is discharged.

*Judgment reversed.*

HENDRICKSON and CASTLE, JJ., concur.

CASTLE, J., retired, of the Twelfth Appellant District, was assigned to active duty pursuant to Section 6(C), Article IV, Constitution.