## Cleveland v. Corrai
*[Cite as 8 AOA 323]*

*Case No. 57690, 57691*
*Cuyahoga County, (8th)*
*Decided December 6, 1990*

*Fred C. Crosby, Asst. City Prosecutor, Justice Center, 1200 Ontario Street, Cleveland, Ohio 44113, for Plaintiff-Appellant.*

*Michael J. Murray and Steven D. Shafron, 2121 Illuminating Building, 55 Public Square, Cleveland, Ohio 44113, for Defendants-Appel-lees.*

DYKE, J.

This is an appeal by The City of Cleve-land (hereinafter the City) from the trial court's dismissal of two separate criminal complaints filed against appellees, Sonia Corrai and Richard Metzler for the offense of obstructing official business, prohibited by Cleveland Codified Ordinance 615.06. The City in this consolidated appeals assigns the following error for our review:

"THE TRIAL COURT ERRED WHEN IT DISMISSED THE CRIMINAL COMPLAINT CHARGING APPELLEES WITH OB-STRUCTING OFFICIAL BUSINESS ON THE GROUNDS THAT AS A MATTER OF LAW THE APPELLEES WERE PERMIT-TED TO LIE TO THE CLEVELAND PO-LICE DURING THE EXECUTION OF A VALID SEARCH WARRANT."

The City argues that the charging instrument was sufficient and it was error for the trial court to dismiss the complaints.

Appellees were charged under Cleveland Codified Ordinance 615.06 which contains the identical language of R.C. 2921.31(A) and reads as follows:

"(a) No person, without privilege to do so and with purpose to prevent, obstruct or delay the performance by a public official of any authorized act within his official capacity *shall do any act* which hampers or impedes a public official in the performance of his lawful duties."

It is undisputed that on October 12, 1988 the City of Cleveland Police Officers received an assignment to investigate alleged pandering of obscenities at The Adult Video Center. One of the detectives viewed a video and later asked appellee Richard Metzler, an employee of the store, if the video was available for sale. Metzler then asked appellee Sonia Corrai, also an employee, to get the tape. Corrai produced the tape and told the detective its price. The detective left the premises, and went to Cleveland Municipal Court where sufficient probable case was found and a search warrant issued for the particular video cassette and other items related to the videos display, shipment, advertisement and sale.

The officers, later that same day, returned to The Adult Video Center with the search warrant and asked Corrai where the film was located. Corrai responded she didn't know what he was talking about. Corrai continued to refuse to say anything about the film. When asked by a detective to open the cash register Corrai responded, "Do I have to do that?" Corrai eventually cooperated and opened the drawer. Corrai and Metzler were both asked for keys to a cabinet in which the officers believed the video player and videocassette to be. Appellees claimed they did not have any keys. Appellees, upon being asked where other sets of video players were responded they didn't know. Corrai when asked where a door in the building led replied, "Directly outside." The detectives later discovered that the door led to a storage area where they found the materials listed in the search warrant.

Upon motions by appellees the trial court ordered the City to file amended bills of particulars that were responsive to appellee's requests that the initial complaints did not adequately inform them of the particular conduct which led to the charged offense.

Each of the amended bills of particulars filed by the City of Cleveland stated the following:

"That on or about the 12th day Of October, 1988, at approximately 1440 hours, at the location of 5141 Pearl Road, Cleveland, Ohio [appellees], in violation of The City of Cleveland Codified Ordinance 615.06, without privilege to do so and with purpose to delay the performance by a public official of any authorized act within his official capacity, *did make misleading statements and not cooperate* which hampered a public official in the performance of his lawful duties."

### CONDUCT OF THE DEFENDANT CONSTITUTING THE OFFENSE

"The Defendant, as an agent of the Pearl Road Adult Video, *did make several misleading statements* to the Cleveland Police Department in response to inquiries by the officers relating to their attempts to locate the objects contained in a valid search warrant and located on the premises, thereby delaying and hampering the Cleveland Police Department in the performance of an authorized act within their official capacity." (Emphasis added.)

The trial court, relying on *Dayton v. Rogers* (1979), 60 Ohio St. 2d 162, which held that the making of unsworn false statements to a police officer cannot constitute the offense of obstructing official business, dismissed the complaints and amended bill of particulars for failure to state an offense.

The narrow issue before this court is whether the alleged failure to cooperate with the police and the making of misleading statements during the execution of a search warrant is sufficient to state the offense of obstructing official business. In *Rogers, supra,* the Supreme Court held in its syllabus:

"The making of an unsworn false oral statement to a police officer is not punishable conduct within the meaning of Revised Code of General Ordinances of the City of Dayton, Section 131.02(A), (R.C. 2921. 31[A], construed.)"

In *Rogers,* the court defined the scope of the obstructing official business statute. The defendant in *Rogers* was a passenger in a car stopped by the police. The defendant was asked to identify himself and gave a false name. The passenger was asked to confirm

her companion's identity and stated that the name the driver gave was the truth. The Supreme Court reversed the defendant's conviction for obstructing official business stating that the making of unsworn false statements is insufficient as a matter of law to constitute the offense. The court reasoned that:

"R.C. 2921.31(A), as well as the ordinance under considerations prohibits 'acts' which hamper or impede public officials in the performance of their lawful duties. While in certain contexts the term act may be construed to include a statement we do not believe that was the intent of the General Assembly in R.C. 2921.31(A). We conclude similarly in relation to the ordinance that it was not the intention of the legislative body of the City in enacting this section that it encompass oral statements." (Emphasis added.)

The syllabus of *Rogers* is broad in scope and clearly states that a "statement" does not amount to an act as set forth in the statute. The *Rogers* court in explaining its broad conclusion stated:

"The crucial language in the ... [obstructing an official business] ordinance is 'shall do any act.' We find that the section in question does not make an omission to act a violation of the ordinance, but, rather requires the doing of some act ... The legislative body has not seen fit to make an omission to act a crimes."

In *Hamilton v. Hamm* (1986), 33 Ohio App. 3d 175, the court reversed the conviction of a defendant who, after appearing in court for a traffic violation, refused to pay the fine or sign an agreement that she would pay in the future.

The Supreme Court in *Hamm* observed: "Woven throughout the transcript is a belief on the part of municipal officials that appellant should be arrested because she was not 'cooperating' - that she 'refused to accept the responsibility' imposed on her ... she was arrested not for what she did, but for what she failed to do." *Id.* at 176.

The court in *Hamm* agreed with *Columbus v. Michel* (1978), 55 Ohio App. 2d 46, which held in its syllabus:

"A municipal ordinance, phrased in the language of R.C. 2921.31(A), prohibits 'acts' which hamper a public official in the performance of his duty, and the mere failure of a person to respond to an officer's request is not in violation of the ordinance."

In the present case, the bills of particular allege that appellees failed to cooperate with the police and further made misstatements which prolonged the search for the materials named in the warrant.

The conduct of appellees in the present case did not amount to an overt physical act. *Rogers, Michel, Hamm* and *Stephens* held that such conduct is insufficient as a matter of law to constitute the offense of obstructing official business.

Furthermore, as appellees have pointed out in their brief, a search warrant by its very nature directs and permits a police officer to enter a particular premise and search for and seize without regard to the persons or the premises. To accept the City's position that appellees' behavior amounted to obstructing official business we would have to conclude that a person whose premises are being searched, must cooperate and aid in the execution of the search warrant. Appellant has cited no authority which shows that there is an obligation to cooperate with the execution of a warrant and that failure to provide information which would shorten the search or lead to the materials sought would amount to obstructing official business.

We are unpersuaded that the two cases appellant has cited are controlling.

Appellant cites *State v. Gordon* (1983), 9 Ohio App. 3d 184 and *State v. Pembaur* (1984), 9 Ohio St. 3d 136 in support of its argument that appellees charges were improperly dismissed. In *Gordon*, the court was presented with the issue of whether the evidence was sufficient to prove appellant's acts amounted to hampering or impeding police officers in the performance of their duties. The court found sufficient evidence existed and affirmed the defendant's conviction for obstructing official business. In *Gordon*, the police had placed Gordon's home under observation in search of two fugitives wanted for aggravated robbery. Gordon was informed of the fact. The police eventually observed two individuals they thought to be the fugitives enter Gordon's home. The police knocked on Gordon's door and were told by Gordon that the individuals had left through a side door, when in fact they had not. The officers pursued the fugitives in the wrong direction. The court held that Gordon's state-

ments amounted to an "act" within the intended scope of R.C. 2921.31 and found the facts to be distinguishable from *Rogers* and *Stephens,* because in *Rogers* and *Stephens,* "The oral statements had no more effect on the performance of the police than silence or a refusal to answer would have had." The *Gordon* court stated that it was immaterial whether Gordon sent the officers in the wrong direction by pushing them out the door, pointing in the wrong direction or stating that the felon had exited that door. Unlike *Gordon,* the police, in the present case, entered the premises armed with a search warrant and were in the process of executing the warrant when the statements were made. The very nature of the warrant authorized the police to search the premises regardless of whether or not appellees assisted them.

Further, we reject the City's contention that *Gordon* allows the present conduct at issue to constitute the type of behavior prohibited by the statute. We cannot reconcile the broad and clear syllabus of *Rogers* with appellant's contention that because appellees behavior affected the performance of police in their duties their behavior amounted to an obstruction of official business.

We are further unpersuaded that *State v. Pembaur* (1984), 9 Ohio St. 3d 136 would require a different result. In *Pembaur,* the Supreme Court was faced with a different issue i.e., whether defendant was *privileged* to impede the duties of a police officer. The court had no need to discuss the issue of whether a particular type of conduct constituted obstructing official business. Unlike *Pembaur,* the present appellees were not charged with having engaged in a physical act of impeding a public official or preventing an officer's access to premises.

We find *Rogers, Michel, Hamm* and *Stephens* to be controlling authority and affirm the trial court's holding that the making of misleading statements and not cooperating with the police in the execution of a search warrant is insufficient as a matter of law to amount to obstructing official business as defined in Cleveland Codified Ordinance 615.06.

*Judgment affirmed.*

PATTON, C.J., and SWEENEY, J., concur.