DECISION
This is an appeal by plaintiff, State of Ohio, from a judgment of the Franklin County Municipal Court, sustaining a motion to suppress filed by defendant, Berman Zefi.
On March 30, 2000, defendant was charged with one count of obstructing official business, in violation of R.C. 2921.31(A), and one count of resisting arrest, in violation of R.C. 2921.33(A). On July 14, 2000, defendant filed a motion to suppress or, in the alternative, a motion inlimine. On July 19, 2000, the state filed a memorandum contra defendant's motion to suppress.
On August 17, 2000, the trial court conducted a hearing on defendant's suppression motion. At the hearing, the state presented the testimony of Columbus Police Officer Gary Alan Bowman. Officer Bowman testified that, on May 30, 2000, at approximately 11:00 p.m., he was on patrol in a police cruiser with his partner, Officer Tim Pribe, near the intersection of Livingston Avenue and Fairwood Avenue. At that time, a vehicle driven by defendant passed the officers' cruiser, and the officers observed that the rear license plate on the vehicle was not illuminated. The officers followed the vehicle northbound on Fairwood and, when defendant turned westbound on Cole Street, the officers activated the cruiser's beacon lights.
Officer Bowman testified that defendant did not pull over immediately; rather, defendant proceeded "three or four blocks" further and, then, "instead of pulling off to the right because Cole is a one way, he pulled to the left." (Tr. at 16.) After defendant pulled over to the left side of the road, Officer Bowman approached the vehicle on the driver's side while Officer Pribe approached the vehicle by the passenger door.
Officer Bowman testified that defendant "had the stereo on real loud * * * [with] the windows rolled up." (Tr. at 17.) The officers knocked on the windows but defendant ignored them. Defendant "finally did roll down the window." (Tr. at 17.) Officer Bowman asked defendant to turn down the radio, but defendant ignored the officer. After several requests, defendant eventually turned down the radio.
Defendant asked Officer Bowman, "[w]hy did you pull me over? This is harassment." (Tr. at 18.) The officer told defendant that his rear license plate light was not illuminated. The officer then asked defendant if he had a valid driver's license. Defendant said "yes," and then "turned his stereo up and looked straight ahead." (Tr. at 18.) Officer Bowman gave the following testimony regarding the ensuing events:
 * * * And then we went through the same routine again. "Sir, I need you to turn down your radio. I need you to turn down your radio." I said, "Sir, I need to see your driver's license. I need you to give me your driver's license." And he won't give it to me. I asked him three or four times. Then he turns the stereo up again.
 So then we go through this again. Then I say, "Sir, I need to see your driver's license." He won't comply. So I said, "Sir, stick your hands out of the window. I'm going to take you back to my car and run a license check on you." He sticks his hands out [of] the car. Of course, his car is running. I grabbed his hands but — I told him to interlock his fingers like this, but he went like this. * * * (Tr. at 18-19.)
The officer testified that he was concerned for his safety at that time because defendant's car engine was still running. The officer tried to hold defendant's hands but, when the officer opened the car door, defendant pulled the officer inside the vehicle. A struggle ensued, and the officer was eventually able to pull defendant out of the car. The officers then told defendant he was under arrest and they placed him in handcuffs.
Following the presentation of evidence, the trial court sustained the motion to suppress evidence as to the charge of obstructing official business, finding that "there is absolutely no evidence whatsoever that the defendant impeded the vehicle from being stopped." (Tr. at 30.) The trial court subsequently filed an entry of dismissal, granting defendant's motion to suppress "evidence subsequent to the stop of the vehicle" as to the obstructing official business count, but further ruling that the "evidence is admissible on the offense of Resisting Arrest."
The state has filed an appeal from the trial court's entry of dismissal, setting forth the following two assignments of error for review:
APPELLANT'S FIRST ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED TO THE CITY'S PREJUDICE BY FINDING A LACK OF PROBABLE CAUSE TO ARREST THE DEFENDANT FOR OBSTRUCTING OFFICIAL BUSINESS. THE COURT ERRED IN MAKING A PROBABLE CAUSE DETERMINATION BASED ON THE SPECIFIC LANGUAGE CONTAINED IN THE COMPLAINT, RATHER THAN BASED ON AN OBJECTIVE APPLICATION OF THE LAW TO THE FACTS PRESENTED IN THE MOTION HEARING.
 APPELLANT'S SECOND ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED TO THE PREJUDICE OF THE STATE WHEN, UPON A FINDING OF LACK OF PROBABLE CAUSE TO ARREST FOR OBSTRUCTING OFFICIAL BUSINESS, THE COURT SUPPRESSED ALL EVIDENCE AS PERTAINS TO THAT OFFENSE THAT OCCURRED SUBSEQUENT TO THE LAWFUL TRAFFIC STOP.
Under its first assignment of error, the state asserts that the trial court erred in finding that the officers did not have probable cause to arrest defendant on the charge of obstructing official business. The state contends that the trial court erred in making a probable cause determination based on specific language of the complaint, rather than based on an objective application of the law to the facts presented at the suppression hearing.
In general, an appellate court's review of a trial court's ruling on a motion to suppress involves "a mixed question of law and fact." Statev. Hemmer (May 25, 2000), Logan App. No. 8-99-20, unreported. In considering a trial court's granting or denial of a motion to suppress, this court is required "to accept the trial court's findings of fact if supported by competent, credible evidence." State v. Williams (Apr. 20, 2000), Cuyahoga App. No. 76879, unreported. However, this court must further, "without deference to the trial court, * * * decide whether the trial court applied the appropriate legal standard." Id.
At the outset, we note that, although defendant was charged with both resisting arrest and obstructing official business, the instant appeal involves only a consideration of whether the trial court erred in finding a lack of probable cause as to the charge of obstructing official business. R.C. 2921.31(A) sets forth the offense of obstructing official business, and states as follows:
 No person, without privilege to do so and with purpose to prevent, obstruct, or delay the performance by a public official of any authorized act within the public official's official capacity, shall do any act that hampers or impedes a public official in the performance of the public official's lawful duties.
As indicated under the facts, the trial court sustained the motion to suppress as to the charge of obstructing official business based on the court's determination that "there is absolutely no evidence whatsoever that the defendant impeded the vehicle from being stopped." (Tr. at 30.) In support of its holding, the trial court cited language from the complaint alleging that defendant engaged in activity with the purpose to obstruct the officers from conducting a "vehicle stop."
The state does not dispute that the facts fail to support a finding that defendant engaged in obstructing official business by failing to physically stop his vehicle. The state contends, however, that the trial court misconstrued the language in the complaint referring to a "vehicle stop," and failed to consider any evidence regarding defendant's behavior following the point at which the vehicle was successfully stopped on the roadway. Upon review, we agree with the state's contention that the trial court relied on a narrow construction of the language in the complaint in finding no probable cause; specifically, the record supports the state's argument that the trial court construed the term "vehicle stop" to relate only to the facts leading up to the time at which defendant's vehicle pulled to the side of the road.
We note that the complaint for obstructing official business contains "to wit" language suggesting broader conduct, and states as follows: "Fail[ure] to show proof of a valid operator's license, and fail[ure] to comply with verbal commands from both Ofc. Bowman and Pribe." The testimony of the officer at the suppression hearing, as well as the "to wit" language cited above, supports the state's contention that the officer, in writing the complaint, was referring to the entire investigatory stop as opposed to just the facts involving the physical stop of the vehicle. As noted by the state, the issue of probable cause is not dependent upon the "ultimate judicial determination of guilt or innocence, which is resolved on a reasonable doubt standard," but whether the officer had "probable cause sufficient to authorize [the defendant's] arrest." State v. Williams (Nov. 21, 1997), Montgomery App. No. 16306, unreported. Thus, the issue of probable cause is to be based on a consideration of the circumstances known to the officer at the time of the arrest, rather than on the ability of the officer to draft a more complete complaint. In the present case, by narrowly focusing on the "vehicle stop" language of the complaint, the trial court failed to fully consider all the relevant facts, including the circumstances known to the arresting officer at the time the charge was brought.
Although we agree with the state that the trial court, in narrowly construing the complaint, failed to consider all the pertinent evidence relating to the charge at issue, we must still consider whether there was sufficient evidence to support a determination of probable cause to arrest defendant for obstructing official business. The elements of the offense of obstructing official business are an unprivileged act by the defendant, done with a purpose to prevent, obstruct or delay the performance of a public official, and a showing that such act actually hampers or impedes the public official in the performance of his or her duties. R.C. 2921.31; see, also, State v. Baker (Sept. 24, 1993), Carroll App. No. 608, unreported. Ohio courts have held that "one cannot be guilty of obstructing official business by doing nothing because the text of R.C. 2921.31 specifically requires the offender to act." Statev. Justice (Nov. 16, 1999), Pike App. No. 99CA631, unreported, citingState v. McCrone (1989), 63 Ohio App.3d 831, Hamilton v. Hamm (1986),33 Ohio App.3d 175, and Columbus v. Michel (1978), 55 Ohio App.2d 46. Thus, the mere refusal to produce identification upon request by a police officer will not support a finding of obstructing official business.
While courts have concluded that the mere refusal to answer questions does not constitute an "act," it has been further held that, where an individual "also takes affirmative actions to hamper or impede the police from finding out his or her identity, the defendant may be guilty of obstructing official business." Justice, supra. Thus, in a case where a defendant refused to provide his driver's license immediately upon request, refused to cooperate, and shouted in such a manner that an officer could not conduct an investigation, the court found that such acts were sufficient to support a finding of obstructing official business. N. Ridgeville v. Reichbaum (1996), 112 Ohio App.3d 79. InState v. Lojas (Apr. 21, 1998), Franklin App. No. 97APC08-1082, unreported, involving a conviction for obstructing official business, the appellant argued on appeal that he was under no obligation to provide identification or assist officers in their investigation. In Lojas, this court held that "while appellant may have been free to refuse to provide identification or to answer any of the officers' questions, * * * appellant was not free to refuse to exit his vehicle * * * [or] to continue entering and exiting the vehicle against the orders of [the officers] that he stop."
In the instant case, defendant argues that the facts fail to show that he engaged in any acts that would constitute obstructing official business. However, the evidence indicates that defendant not only refused to produce his license or to cooperate with officers, but he increased the volume of his car stereo at least twice while the officers attempted to gather information as to defendant's identity in order to determine whether he had a valid driver's license, and issue a traffic citation. Thus, the evidence indicates that defendant did not merely fail to obey the officer's requests but performed affirmative acts.State v. Neptune (Apr. 21, 2000), Athens App. No. 99CA25, unreported. Further, the officers could have reasonably concluded that defendant's behavior was a purposeful attempt to hamper or impede the officers in the performance of their lawful duties. Keeping in mind that the state is not required, at a suppression hearing, to prove the elements of the charge beyond a reasonable doubt, we conclude that the officers had probable cause to believe that defendant committed the offense of obstructing official business.
Accordingly, we sustain the state's first assignment of error.
In light of our disposition of the first assignment of error, the state's second assignment of error is rendered moot.
Based upon the foregoing, the state's first assignment of error is sustained, the second assignment of error is moot, the judgment of the trial court is reversed and this matter is remanded to the trial court for further proceedings in accordance with law and consistent with this decision.
BRYANT, P.J., and KENNEDY, J., concur.