OPINION
{¶ 1} Defendant-appellant, Andrew E. Hunt, appeals from a judgment of the Franklin County Court of Common Pleas convicting him of two counts of possession of cocaine, as felonies of the second and fifth degrees. For the reasons that follow, we affirm the judgment of the trial court.
 {¶ 2} On October 8, 2003, defendant was stopped and arrested by Columbus police officers. During a search incident to arrest, the officers discovered narcotics on defendant's person. On April 5, 2004, defendant was indicted by the Franklin County Grand Jury on two counts of possession of cocaine, as felonies of the second and fifth degrees. On May 25, 2005, defendant filed a motion to suppress any evidence pertaining *Page 2 
to his arrest and the subsequent search of his person and property. On May 31, and June 2, 2005, a hearing was held regarding the motion to suppress. At the hearing, defendant's counsel conceded that the officers had a reasonable suspicion to stop defendant. However, he contended that the subsequent arrest was unlawful, and, thus, any evidence obtained from a search incident to the arrest must be suppressed. The arresting officers, Traci Shaw and Luellen Kuykendoll, both of the Columbus police department, testified at the hearing.
 {¶ 3} The relevant facts of this matter, which were set forth at the suppression hearing, indicated as follows. At approximately 4 a.m., on October 8, 2003, Shaw and Kuykendoll were patrolling an area north of downtown Columbus when they noticed a vehicle with the rear registration plate light out. They initiated a LEADS inquiry prior to stopping the vehicle. The LEADS report indicated that the registered owner of the vehicle had an outstanding felony warrant, and it provided a general description of the owner. The person in the vehicle generally matched the description of the person with the felony warrant. The police turned on the beacons on their patrol car, and the vehicle pulled over and stopped.
 {¶ 4} The officers approached the vehicle with their weapons drawn. Both windows of the vehicle were down. The officers repeatedly ordered the driver, who was later identified as defendant, to turn off the vehicle's engine. They also ordered him to exit the vehicle. Defendant did not comply with the commands of the officers. In response, defendant stated that the officers did not have a reason to stop him, and he gave the officers his driver's license, even though they did not ask for it. Kuykendoll opened the driver's side door to arrest defendant for obstructing official business, and defendant placed a hand on the gearshift of the vehicle. Defendant also reached around *Page 3 
inside the vehicle, including toward his waistband. Despite defendant's resistance, Kuykendoll was able to get a handcuff on defendant's left wrist and pull him out of the vehicle. Shaw grabbed defendant's right hand and placed the other handcuff on him.
 {¶ 5} The officers took defendant to the police cruiser and conducted a search incident to arrest, during which they found narcotics on defendant's person. After the arrest and search, the officers determined that defendant was not the person with the felony warrant, as originally suspected. On the day of the arrest, complaints were filed in the Franklin County Municipal Court accusing defendant of obstructing official business and resisting arrest. In April 2004, defendant was indicted in the Franklin County Court of Common Pleas on the cocaine possession charges.
 {¶ 6} On June 3, 2005, defendant filed a "supplemental exhibit" in the trial court as to the pending motion to suppress. With said filing, defendant submitted a copy of a dismissal entry that had been filed in Franklin County Municipal Court case No. 03CR-25631, which apparently was the case in that court relating to the October 8, 2003 incident. Defendant also attached copies of the complaints that were filed in the Franklin County Municipal Court which accused defendant of violating sections 2321.31(A) and 2321.33(A) of the Columbus City Codes ("C.C.").[1] A few days later, on June 8, 2005, the trial court filed a decision denying defendant's motion.
 {¶ 7} On February 28, 2006, defendant entered no contest pleas to both of the cocaine possession charges. The trial court found defendant guilty of the charges to which he pled no contest and sentenced defendant to two years in prison for the second degree felony and 12 months in prison for the fifth degree felony. The trial court ordered that the sentences are to run concurrently with each other. *Page 4 
 {¶ 8} Defendant appeals, asserting the following single assignment of error for our review:
 THE TRIAL COURT ERRED IN DENYING DEFENDANT'S MOTION TO SUPPRESS.
 {¶ 9} An appellate court's standard of review on a motion to suppress is twofold. State v. Reedy, Franklin App. No. 05AP-501, 2006-Ohio-1212, at ¶ 5, citing State v. Lloyd (1998), 126 Ohio App.3d 95, 100-101. Because the trial court is in the best position to evaluate witness credibility, an appellate court must uphold the trial court's findings of fact if they are supported by competent, credible evidence.Reedy, at ¶ 5, citing State v. Klein (1991), 73 Ohio App.3d 486, 488. Upon accepting those facts as true, an appellate court must independently determine, as a matter of law, without deference to the trial court's conclusion, whether the facts meet the applicable legal standard. Reedy, at ¶ 5, citing State v. Claytor (1993),85 Ohio App.3d 623, 627.
 {¶ 10} In support of his contention that the trial court erred in denying his motion to suppress, defendant argues that the police officers did not have probable cause to arrest him for obstructing official business under C.C. 2321.31(A),[2] which provides as follows:
 No person, without privilege to do so and with purpose to prevent, obstruct, or delay the performance by a public official of any authorized act within his official capacity, shall do any act which hampers or impedes a public official in the performance of his lawful duties.
 {¶ 11} Defendant specifically argues that he did not engage in any affirmative act that would constitute obstructing official business under the above-cited section, and, therefore, the evidence obtained as a result of the search incident to arrest must be *Page 5 
suppressed. Defendant also argues that, even if it was determined that defendant committed acts which hampered or impeded the officers, those acts were not committed with a purpose to prevent, obstruct, or delay the officers.
 {¶ 12} In support of his contention that there was an absence of any affirmative act, defendant cites to this court's decision inColumbus v. Michel (1978), 55 Ohio App.2d 46. In Michel, this court determined that the defendant's failure to open the door to an apartment at the direction of police officers did not constitute an "act" for purposes of the Columbus City Codes section that prohibited obstructing official business.[3] This court determined that the applicable ordinance did "not make an omission to act a violation of the ordinance," and that the defendant did not commit any act "which would hamper or impede the law enforcement officers." Id. at 48. This court concluded that the defendant's failure to open the apartment door did not constitute obstructing official business, for purposes of the applicable City of Columbus ordinance.
 {¶ 13} In support of his argument that he did not have the requisite mental state to be in violation of C.C. 2321.31(A), defendant notes that he immediately pulled the vehicle over when the officers turned on the cruiser beacon, he provided the officers with his driver's license, and he remained seated in the vehicle and did not attempt to escape.
 {¶ 14} For the following reasons, we do not agree with defendant's contention that the officers did not have probable cause to arrest him for obstructing official business.
 {¶ 15} A warrantless arrest is valid if the arresting officer possessed probable cause to believe that the suspect committed an offense. Beck v. State of Ohio (1964), 379 U.S. 89, 91, 85 S.Ct. 223;State v. Otte (1996), 74 Ohio St.3d 555, 559. The test for *Page 6 
probable cause to justify an arrest is "whether at that moment the facts and circumstances within [the officers'] knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the [arrestee] had committed or was committing an offense." Beck v. Ohio (1964), 379 U.S. 89, 91, 85 S.Ct. 223. In determining whether probable cause to arrest existed, a reviewing court should examine the "totality of the circumstances." Illinois v.Gates (1983), 462 U.S. 213, 230-231, 103 S.Ct. 2317. Probable cause is a lesser standard of proof than that required for a conviction, such as proof beyond a reasonable doubt or by a preponderance of the evidence.State v. Young (2001), 146 Ohio App.3d 245, 254, 2001-Ohio-4284.
 {¶ 16} After lawfully stopping defendant's vehicle because its rear registration plate light was out, and because the officers reasonably suspected that the vehicle was being driven by a person with a felony warrant out for his arrest, it was clearly within the authority of the officers to order defendant to turn off the engine and exit the vehicle. See Pennsylvania v. Mimms (1977), 434 U.S. 106, 98 S.Ct. 330 (concluding that once a motor vehicle has been lawfully detained by a police officer, the police officer may order the driver to get out of the vehicle). Conversely, defendant was not free to refuse to turn off the engine and exit the vehicle. See State v. Lojas (Apr. 21, 1998), Franklin App. No. 97APC08-1082.
 {¶ 17} Defendant's reliance upon the Michel case to support his contention that he did not commit "any act" is unavailing. InMichel, the defendant failed to open his apartment door upon the demand of the police. Here, defendant was in the driver's seat of a motor vehicle when he failed to comply with instructions to turn off the engine and exit the vehicle. The difference in circumstances is significant. Instead of complying with *Page 7 
the commands of the officers, defendant continued to sit in the driver's seat with the vehicle's engine running, thereby maintaining control of the vehicle. Thus, in this case, defendant was not "doing nothing." Cf.Hamilton v. Hamm (1986), 33 Ohio App.3d 175 (stating that "one cannot be guilty of obstructing official business by doing nothing") Id. at 176. By continuing to sit in the driver's seat with the engine running, defendant was "doing an act" that hindered the officers' ability to secure the scene and conduct further investigation. See State v.Carrocce, Franklin App. No. 06AP-101, 2006-Ohio-6376, at ¶ 38 (noting that "[a]s the investigative stop [in that case] progressed, [the officer] developed probable cause to arrest [the defendant] for obstruction of official business, given that [the defendant's] initial refusal to exit his van impeded the officer's investigation"). See, also, State v. Kates, Franklin App. No. 06AP-421, 2006-Ohio-6779
(concluding that the defendant's act in failing to heed the police officer's orders to stop walking away from him was an affirmative act that hindered or impeded the officer in the performance of his official duties in investigating a motor vehicle accident and was sufficient to support the trial court's judgment of conviction for obstructing official business). Moreover, we further resolve that it would have been reasonable to believe, based on the circumstances, that defendant intended to obstruct official business by his conduct.
 {¶ 18} Based on the foregoing, we find that the totality of the circumstances indicated that there was probable cause to arrest defendant for obstructing official business. Therefore, we conclude that the trial court did not err in denying defendant's motion to suppress evidence. Accordingly, we deny defendant's single assignment of error and affirm the judgment of the Franklin County Court of Common Pleas.
 Judgment affirmed. *Page 8 
 KLATT and McGRATH, JJ., concur.
[1] C.C. 2321.31(A), which prohibits obstructing official business, will be more thoroughly discussed below. C.C. 2321.33(A) prohibits resisting arrest.
[2] R.C. 2921.31(A) contains nearly identical language as C.C. 2321.31(A).
[3] At the time of the Michel case, the prohibition against obstructing official business was codified at C.C. 2315.03(A). SeeMichel. *Page 1