OPINION *Page 2 
{¶ 1} Defendant-appellant Hannelore[1] Brooks appeals her conviction and sentence from the Mount Vernon Municipal Court on one count of obstruction of official business and one count of resisting arrest. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On February 18, 2006, at approximately 11:30 p.m., appellant was on her way home from work when Ohio State Highway Patrol Trooper Nicholas Shaw clocked her traveling sixty-nine (69) miles per hour in a fifty-five (55) miles per hour zone. Trooper Shaw testified that appellant braked heavily, and he tracked her speed decrease from sixty-nine (69) miles per hour to forty-five (45) miles per hour. Trooper Shaw pulled appellant over, approached her vehicle, and asked for her driver's license, registration and proof of insurance. Appellant disputed that she was exceeding the speed limit, and rummaged around in her car for the requested information.
 {¶ 3} Trooper Shaw continued to ask the appellant to produce her license, registration and proof of insurance, and told her that if she did not produce the information she was going to go to jail. Shaw testified that although appellant had her wallet in her lap, she made no attempt to give him the information. Appellant then reached behind the front passenger seat of her vehicle. Trooper Shaw asked appellant what she was doing. Appellant told Shaw that she was reaching for her cell phone, and when he observed a cell phone on the front passenger seat, he instructed appellant to exit her vehicle. Appellant failed to comply. Trooper Shaw opened appellant's car door, and again ordered appellant to exit her vehicle. Shaw testified that appellant once again reached behind the front passenger seat with both hands. Shaw, fearing for his *Page 3 
safety, grabbed hold of appellant. Appellant resisted as Trooper Shaw pulled her from the vehicle and placed her on the ground and resisted Shaw's efforts to handcuff her. Another police officer arrived on the scene and assisted Trooper Shaw in handcuffing appellant. As Shaw was leading appellant back to the cruiser, he advised appellant that she was under arrest for obstructing official business.
 {¶ 4} Appellant was charged with obstructing official business in violation of R.C. § 2921.31(A), a misdemeanor of the second degree, and cited for speeding in violation of R.C. § 4511.21(D)(1). She was later charged with resisting arrest in violation of R.C. § 2921.33(A), a misdemeanor of the second degree. The case was tried to the bench on May 24, 2006. Appellant did not present a defense, and moved for acquittal pursuant to Crim. R. 29. The trial court overruled appellant's motion for acquittal and found appellant guilty on all charges. Appellant was sentenced on the obstructing official business and resisting arrest charges to an aggregate term of 90 days in jail with 75 days suspended, probation for five (5) years and a fine of $100.00 plus court costs. Appellant appeals her conviction on the obstructing official business and resisting arrest charges,[2] setting forth the following assignments of error.
 {¶ 5} "I. THE TRIAL COURT ERRED AS A MATTER OF LAW IN CONVICTING DEFENDANT OF OBSTRUCTING OFFICIAL BUSINESS IN VIOLATION OF OHIO REVISED CODE § 2921.31; SUCH CONVICTION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 {¶ 6} "II. THE TRIAL COURT ERRED AS A MATTER OF LAW IN CONVICTING DEFENDANT OF RESISTING ARREST IN VIOLATION OF OHIO *Page 4 
REVISED CODE § 2921.33; SUCH CONVICTION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 I {¶ 7} Appellant argues in her first assignment of error that her conviction of obstructing official business was against the manifest weight of the evidence. We disagree.
 {¶ 8} On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed. The discretionary power to grant a new hearing should be exercised only in the exceptional case in which the evidence weighs heavily against the judgment. State v. Thompkins, 78 Ohio St.3d 380,387, 1997-Ohio-52, 678 N.E.2d 541, superceded by constitutional amendment on other grounds as stated in State v. Smith (1997),80 Ohio St.3d 89, citing State v. Martin (1983), 20 Ohio App.3d 172, 175. Because the trier of fact is in a better position to observe the witnesses' demeanor and weigh their credibility, the weight of the evidence and the credibility of the witnesses are primarily for the trier of fact. State v. DeHass (1967), 10 Ohio St.2d 230,227 N.E.2d 212, syllabus 1.
 {¶ 9} R.C. § 2921.31 sets forth the offense of obstructing official business, and states in pertinent part: "(A) No person, without privilege to do so and with purpose to prevent, obstruct, or delay the performance by a public official of any authorized act within the public official's official capacity, shall do any act that hampers or impedes a *Page 5 
public official in the performance of the public official's lawful duties." R.C. 2921.31 consists of five essential elements: (1) an act by the defendant; (2) done with the purpose to prevent, obstruct, or delay a public official; (3) that actually hampers or impedes a public official; (5) while the official is acting in the performance of a lawful duty; and (5) the defendant does so act without a privilege to do so. R.C. 2921.31; State v. Dice, Marion App. No. 9-04-41,2005-Ohio-2505, at ¶ 19.
 {¶ 10} In interpreting R.C. § 2921.31, Ohio courts have held that a failure to act cannot provide the basis for finding one guilty of obstructing official business, because the text of the statute specifically requires an offender to act. State v. Brickner-Latham, Seneca App. No. 13-05-26, 2006-Ohio-609, appeal not allowed by109 Ohio St.3d 1507, 2006-Ohio-2998, 849 N.E.2d 1028, at ¶ 26, citing State v.Justice (Nov. 16, 1999), 4th Dist. No. 99CA631, State v. McCrone (1989),63 Ohio App.3d 831, 580 N.E.2d 468, City of Hamilton v. Hamm (1986),33 Ohio App.3d 175, 514 N.E.2d 942, and Columbus v. Michel (1978),55 Ohio App.2d 46, 378 N.E.2d 1077. Further, the failure to provide identification, in and of itself, will not support a finding of obstructing official business. Brickner-Latham, supra, citingMcCrone.
 {¶ 11} Appellant argues that the offense of obstructing official business requires an affirmative or overt act, and argues that her failure to provide Trooper Shaw with her driver's license is not an overt act, but rather, a failure to act. Appellant argues that her inaction cannot provide the basis for a finding of guilty on the obstructing charge. Thus, appellant argues, her conviction on obstructing official business is against the manifest weight of the evidence. *Page 6 
 {¶ 12} Assuming arguendo that we agree with appellant's interpretation of the statute, we find that appellant did more than simply fail to provide identification to Trooper Shaw. As is stated above, appellant reached into the backseat of her vehicle. While appellant told the Trooper she was reaching for her cell phone, he saw the same sitting on the front seat and became concerned. Trooper Shaw, alarmed by appellant's act of reaching into the backseat, asked appellant several times to get out of the car. Appellant disregarded Trooper Shaw's repeated requests and continued to reach into the backseat.
 {¶ 13} We find that the trier of fact herein did not lose its way such that a manifest miscarriage of justice occurred when appellant was convicted of the offense of obstructing official business. Appellant engaged in the overt act of reaching into the backseat, an act that continued despite Trooper Shaw's command to stop and exit the vehicle. This overt act impeded Shaw's investigation of the traffic stop.
 {¶ 14} Appellant's first assignment of error is overruled.
 II {¶ 15} Appellant argues, in her second assignment of error, that her conviction for resisting arrest was against the manifest weight of the evidence. Thus, we must once again review the record to determine if the trier of fact lost its way such that a manifest miscarriage of justice occurred herein.
 {¶ 16} R.C. § 2921.33 sets forth the offense of resisting arrest, and states in pertinent part: "(A) No person, recklessly or by force, shall resist or interfere with a lawful arrest of the person or another." The question of what constitutes an arrest was addressed in City of Akron v.Kulasa (Apr. 5, 2000), Summit App. No. 19815, *Page 7 2000 WL 353987: "The existence of an arrest is dependent . . . upon the existence of four requisite elements: (1) An intent to arrest, (2) under real or pretended authority, (3) accompanied by an actual or constructive seizure or detention of the person, and (4) which is so understood by the person arrested." Id. at 2, citing State v.Barker (1978), 53 Ohio St.2d 135, 372 N.E.2d 1324, paragraph one of the syllabus. The Kulasa court stated further that an arrest can occur when "a police officer performs a seizure of the subject that is tantamount to an arrest", and that "an arrest can be accomplished without the arresting officer actually telling the suspect that he is `under arrest." "If one is deprived of his movement by the state, he is in custody and considered under arrest, if he could not have attempted to leave." Kulasa at 2-3.
 {¶ 17} Appellant argues first that because her arrest for obstructing official business was not lawful, she should not have been found guilty of resisting arrest as one may resist an unlawful arrest. However, as is stated above in our discussion of appellant's first assignment of error, we find that appellant's conviction of obstructing official business was not against the manifest weight of the evidence. Thus, appellant's argument is not well taken.
 {¶ 18} Next, appellant essentially argues that she only resisted the Trooper's commands before she was told she was under arrest. She argues that Trooper Shaw told her she was under arrest only after she was handcuffed and he was walking her back to the cruiser, and that she was not resisting at that point in time. Thus, she argues, her conviction on the charge of resisting arrest was against the manifest weight of the evidence. *Page 8 
 {¶ 19} We find, however, that the four elements of an arrest have been satisfied in the case sub judice. First, Trooper Shaw displayed his intent to arrest appellant when he advised her that if she did not provide her driver's license, registration and proof of insurance, she was going to go to jail, and again when he told appellant to exit the vehicle after observing appellant reach into the backseat of the vehicle. Trooper Shaw further displayed his intent to arrest appellant when he physically removed her from her vehicle. Second, Trooper Shaw acted under real or pretended authority insofar as he clearly identified himself and the purpose for the traffic stop. Third, Trooper Shaw constructively seized appellant when he pulled her from the vehicle, placed her on the ground and handcuffed her. Fourth, appellant knew, or should have understood that she was under arrest. Any ordinary person who is pulled from his or her vehicle, placed on the ground and handcuffed would understand that he or she is being placed under arrest. Appellant did not need to hear the magic words "you're under arrest" in order to understand that she was, in fact, under arrest.
 {¶ 20} We find therefore, that appellant's conviction for resisting arrest was not against the manifest weight of the evidence.
 {¶ 21} Appellant's second assignment of error is without merit and is therefore overruled.
 III {¶ 22} Appellant argues, in her third assignment of error, that the trial court abused its discretion when it sentenced her to the maximum sentence. We disagree.
 {¶ 23} An abuse of discretion connotes more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. State v. *Page 9 Moreland (1990), 50 Ohio St.3d 58, 61, 552 N.E.2d 894. Further, when applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Pons v. Ohio StateMed. Bd. (1993), 66 Ohio St.3d 619, 614 N.E.2d 748.
 {¶ 24} Appellant argues that she is a forty-two (42) year-old woman with no prior record of any type, that there is no basis for imagining that there is a substantial risk that she will reoffend, and that there is no basis for concluding that she will be a danger to others. She argues further that her conduct has not been characterized by a pattern of repetitive, compulsive or aggressive behavior with heedless indifference to the consequences, and that there is nothing to indicate that she is likely to commit future crimes in general.
 {¶ 25} We find that the sentence imposed by the trial court was within the limits prescribed by statute, and as such we cannot find that the trial court acted unreasonably, arbitrarily or unconscionably in sentencing appellant. As noted by appellee, appellant's behavior towards Trooper Shaw was "compulsive and aggressive" and "she did not seem to recognize his authority to conduct traffic stops." *Page 10 
 {¶ 26} Accordingly, appellant's third assignment of error is overruled.
 {¶ 27} The decision of the Mount Vernon Municipal Court is, therefore, affirmed.
 Edwards, J. Wise, P.J. and Delaney, J. concur *Page 11 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Mount Vernon Municipal Court is affirmed. Costs assessed to appellant.
[1] Appellant's name is also spelled Hannilore throughout the case file.
[2] Appellant's sentence has been stayed pending appeal. *Page 1