[Cite as *Findlay v. LaChance*, 2011-Ohio-5735.]

**IN THE COURT OF APPEALS OF OHIO**
**THIRD APPELLATE DISTRICT**
**HANCOCK COUNTY**


CITY OF FINDLAY,

    PLAINTIFF-APPELLEE,                  CASE NO.  5-11-25

    v.

RAYMOND S. LACHANCE,             O P I N I O N

    DEFENDANT-APPELLANT.


Appeal from Findlay Municipal Court
Trial Court No. 10CRB01053A

**Judgment Affirmed**

**Date of Decision:   November 7, 2011**


APPEARANCES:

    *Charles R. Hall, Jr.*  for Appellant

    *Robert E. Feighner, Jr.*  for Appellee

**PRESTON, J.**

{¶1} Defendant-appellant, Raymond S. LaChance (hereinafter "LaChance"), appeals the Findlay Municipal Court's judgment entry of conviction. For the reasons that follow, we affirm.

{¶2} On September 13, 2010, LaChance was charged with obstructing official business in violation of Section 525.07(A) of the City of Findlay Codified Ordinances. (Doc. No. 1).

{¶3} On September 24, 2010, LaChance filed a written plea of not guilty. (Doc. No. 3). On May 11, 2011, the matter proceeded to a bench trial, and the trial court found LaChance guilty. (Doc. No. 19). The trial court sentenced LaChance to forty (40) days in jail with thirty (30) days suspended. (Id.). The trial court allowed LaChance to obtain credit for five (5) jail days if he participated in the WORC program for five (5) days and allowed LaChance to complete fifty (50) hours of community service to fulfill the remaining five (5) jail days. (Id.). The trial court further ordered that LaChance have no criminal violations for one (1) year and ordered that LaChance pay a $250 fine and all costs. (Id.).

{¶4} On May 31, 2011, LaChance filed a notice of appeal, along with a motion to stay the sentence pending appeal. (Doc. No. 24). On June 1, 2011, the trial court granted the motion to stay. (Doc. No. 26).

**{¶5}** LaChance now appeals raising two assignments of error for our review. We elect to address both assignments of error together.

**ASSIGNMENT OF ERROR NO. I**

**THE TRIAL COURT ERRED AS A MATTER OF LAW BY FINDING APPELLANT GUILTY BECAUSE SUCH VERDICT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.**

**ASSIGNMENT OF ERROR NO. II**

**THE STATE FAILED TO PRESENT SUFFICIENT EVIDENCE THAT THE APPELLANT PERFORMED AN AFFIRMATIVE ACT THAT ACTUALLY HAMPERED OR IMPEDED PUBLIC OFFICIALS IN THE PERFORMANCE OF THEIR DUTIES.**

**{¶6}** In both of his assignments of error, LaChance argues that the City failed to present evidence demonstrating an affirmative act he took that hampered or impeded law enforcement officers in their duties. Specifically, LaChance argues that his mere refusal to sit down on the ground was insufficient to sustain his conviction. We disagree.

**{¶7}** When reviewing the sufficiency of the evidence, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks* (1981), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus.

{¶8} On the other hand, a reviewing court must examine the entire record, "'[weigh] the evidence and all reasonable inferences, consider the credibility of witnesses[,] and [determine] whether[,] in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered'" to decide whether a conviction is against the manifest weight of the evidence. *State v. Thompkins* (1997), 78 Ohio St.3d 380, 387, 678 N.E.2d 541, quoting *State v. Martin* (1983), 20 Ohio App.3d 172, 175, 485 N.E.2d 717. A reviewing court must, however, allow the trier of fact appropriate discretion on matters relating to the weight of the evidence and the credibility of the witnesses. *State v. DeHass* (1967), 10 Ohio St.2d 230, 231, 227 N.E.2d 212.

{¶9} The offense of obstructing official business is provided in Section 525.07(A) of the City of Findlay Codified Ordinances and provides:

> **No person, without privilege to do so and with purpose to prevent, obstruct or delay the performance by a public official of any authorized act within the public official's official capacity, shall do any act that hampers or impedes a public official in the performance of the public official's lawful duties.**

Section 525.07(A) of the City of Findlay Codified Ordinances mirrors R.C. 2921.31(A) verbatim.

{¶10} Findlay Police Officer Samuel J. Smith ("Smith") testified that, around 2:00 a.m. on September 13, 2010 while he was on a routine patrol, he

-4-

witnessed LaChance fail to use his turn signal in the 200 block of Defiance Avenue in Findlay, Hancock County, Ohio. (May 11, 2011, Tr. at 8-10). Smith testified that he activated his overhead lights and pulled over the vehicle as it was turning into a driveway. (Id. at 11). Immediately after stopping the vehicle, "[t]he driver jumped out of the vehicle, threw his keys and wallets on the top of the car," even though Smith had not ordered LaChance to exit the vehicle. (Id. at 11-12). Smith testified that he told LaChance to get back into his vehicle, and "[i]t took several times telling him to do that to get back in the vehicle, and he finally eventually did." (Id. at 12). Smith testified that he "was raising his voice" to get LaChance to get back into the vehicle, and Smith estimated that it took LaChance one minute to a minute and a half to get back into his vehicle. (Id.). Smith testified that he ordered LaChance back into the vehicle since three other individuals, two males and a female, were in the vehicle, and he was trying to watch all of them for his safety. (Id. at 12-13). Smith further testified that, when the occupants opened the vehicle door, he could smell the odor of alcoholic beverage coming from the vehicle. (Id. at 13-14). Smith testified that, shortly after making this observation, Officer Welch arrived on the scene for back-up support. (Id. at 14). Officer Welch focused upon the passengers, and Smith focused upon LaChance. (Id. at 14). Smith testified that he performed an HGN test upon LaChance to determine whether LaChance was operating the vehicle while under

the influence of alcohol, but Smith testified that the results of that test were negative for impairment. (Id. at 15). Smith testified that, while he was addressing the turn signal violation with LaChance, Officer Welch learned that the female passenger, Tara Rogers, had a warrant. (Id.). Smith testified that Aaron Dunn, the right-front passenger, then exited the vehicle and was interfering with Officer Welch as he was arresting Rogers. (Id.). At that point, Smith told LaChance to get back into the vehicle, so he could assist Officer Welch take control of the incident on the vehicle's passenger side. (Id. at 15-16). Smith testified that LaChance did get back into the vehicle at that time. (Id. at 16). Smith testified that they then told Aaron to get back into the vehicle, which he did, and Smith then began to identify the left-rear passenger, which was Aaron's brother, but he refused to give him his name since he had already given his name to Officer Welch. (Id.). Smith testified that he told the occupants of the vehicle he would place them into handcuffs if they did not stop exiting the vehicle and yelling. (Id. at 17). Smith testified that the Dunn brothers were yelling at that time, not LaChance. (Id.). Smith testified that, after he told the occupants he would put them in handcuffs, LaChance "jumped out of the vehicle [and] said, fine, put me in handcuffs," so he handcuffed LaChance. (Id. at 18). Smith testified that, as he was walking LaChance back to one of the parked cruisers, LaChance "started pulling away" from him and stated that he did not have to go with him. (Id.at 18-19). Smith testified that, at that

point, Officer Hendren had arrived and took control of LaChance. (Id. at 21). Smith testified that he overheard Officer Hendren attempt to have LaChance sit down back by the cruiser, but LaChance refused, so Officer Hendren applied pressure to LaChance to have him sit down, causing LaChance to fall to the ground with Officer Hendren on top of him. (Id. at 21-22, 30).

{¶11} Findlay Police Officer Kyle Hendren ("Hendren") testified that, around 2:18 a.m. on September 13, 2010, he was dispatched to help Officers Smith and Welch with a traffic stop in the 200 block of Defiance Avenue in Findlay, Hancock County, Ohio. (Id. at 38-40). Hendren testified that, when he arrived on the scene, he observed Officer Welch placing a female in custody, and Officer Smith placing the driver into handcuffs. (Id. at 40). Hendren testified that Smith was having difficulty with LaChance, so he offered Smith assistance. (Id. at 41). Hendren testified that LaChance was stating that it was illegal for them to ask him to sit down, and he was not going to sit down. (Id.). Hendren testified that he took control of LaChance at that point while Smith went back to the vehicle. (Id. at 42). Hendren testified that he "walked [LaChance] to another patrol vehicle, asked him to have a seat, it was three or four times, and after the fourth time, I don't know if he slipped or he lifted his legs but we both fell to the ground." (Id.). Hendren testified that:

> **I tried to, well, I placed my hand on [LaChance's] hip and placed a hand on his shoulder to try to get him to bend a little bit so I could get him down to the ground and he continued to resist that. * * * I told him several other times to have a seat on the ground, he refused. I tried putting my hand on his hip and his shoulder again to bend him, and when I did that, he felt to me that he went limp[.]"**

(Id. at 44). Hendren testified that LaChance "pull[ed] away" from him when he was trying to get him to sit down. (Id.). On cross-examination, Hendren testified that he told LaChance to sit down four times, and that LaChance went limp, causing them to fall to the ground. (Id. at 48).

{¶12} This court has previously stated that there are five essential elements under R.C. 2921.31 including: "'(1) an act by the defendant; (2) done with the purpose to prevent, obstruct, or delay a public official; (3) that actually hampers or impedes a public official; (4) while the official is acting in the performance of a lawful duty; and (5) the defendant does so act without a privilege to do so.'" *State v. Allsup*, 3d Dist. No. 6-07-13, 2008-Ohio-159, ¶12, quoting *State v. Brickner-Latham*, 3d Dist. No. 13-05-26, 2006-Ohio-609, ¶25, citing R.C. 2921.31(A); *State v. Dice*, 3d Dist. No. 9-04-41, 2005-Ohio-2505, ¶19. LaChance argues that the City of Findlay failed to demonstrate any affirmative act he committed that actually impeded the officers in this case—the first element of the offense. Therefore, our discussion will focus on the first element of the offense.

{¶13} This Court has stated that "[a] defendant's failure to act 'cannot provide the basis for finding one guilty of obstructing official business, because the text of the statute specifically requires an offender to act.'" *Allsup* at ¶12, quoting *State v. Brooks*, 5th Dist. No. 06 CA 000024, 2007-Ohio-4025, ¶10. Viewed in a light most favorable to the City of Findlay, however, the evidence presented at trial demonstrated that LaChance did affirmatively act on several occasions, contrary to his assertions otherwise. Immediately after being stopped by Officer Smith, LaChance jumped out of his vehicle and put his keys and wallets on top of his vehicle, even though not ordered to do so. (May 11, 2011 Tr. at 11-12). LaChance also jumped out of his vehicle after being ordered to stay in the vehicle and demanded that he be handcuffed. (Id. at 18). Then, after being placed in handcuffs, LaChance began to physically resist Officer Smith's orders to follow him to a parked cruiser away from his vehicle. (Id. at 18-19).[1] Thereafter, LaChance physically resisted Officer Hendren's order to sit down, and, after being ordered to sit down four times, LaChance went limp and caused Officer Hendren to fall upon him on the ground. (Id. at 42-48).

{¶14} LaChance's argument that he did not commit an affirmative act focuses upon his failure to comply with Officer Hendren's order to sit down. Aside from ignoring the other affirmative acts that sustain the obstructing official

---

[1] Although LaChance's actions were not illegal, they did hamper or impede the officers in performing their duties. (May 11, 2011 Tr. at 12, 20-21, 45-46).

business charge (noted above), LaChance overlooks the fact that he did not merely refuse to sit down. See *N. Ridgeville v. Reichbaum* (1996), 112 Ohio App.3d 79, 84-85, 677 N.E.2d 1245 (to determine whether the defendant obstructed official business, the court must examine the "whole picture" not any one isolated act). Rather, LaChance physically resisted Officer Hendren by pulling away from him, and, after the fourth command to sit down, LaChance caused his body to go limp, which resulted in Officer Hendren and him falling to the ground—those are affirmative acts sufficient to sustain the conviction. *State v. Cochenour* (Feb. 16, 1989), 4th Dist. No. 1371, at *2 ("Appellant's struggling constituted an 'act' which hampered or impeded the police in their lawful duties."). See, also, *State v. Frontz* (Sept. 14, 1988), 9th Dist. No. 2371, at *3 ("[A]ppellant's actions in stiffening his body and 'passively' refusing to get into the police car can be considered sufficient to support the 'act' element of obstructing official business."). For all these reasons, we conclude that the City of Findlay presented sufficient evidence to sustain LaChance's obstructing official business conviction.

{¶15} Furthermore, after reviewing the record herein, we cannot conclude that LaChance's conviction was against the manifest weight of the evidence. LaChance's arguments on this issue, again, focus on a lack of evidence concerning an affirmative act. For the reasons already mentioned, we must reject this argument.

**{¶16}** For all these reasons, LaChance's assignments of error are overruled.

**{¶17}** Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

***Judgment Affirmed***

**ROGERS, P.J. and WILLAMOWSKI, J., concur.**

**/jlr**