[Cite as *In re J.J.*, 2015-Ohio-4259.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


IN RE: J.J., A MINOR CHILD      :        JUDGES:
                                          :        Hon. Sheila G. Farmer, P.J.
                                          :        Hon. Patricia A. Delaney, J.
                                          :        Hon. Craig R. Baldwin, J.
                                          :
                                          :
                                          :        Case No. 15-CA-29
                                          :
                                          :        O P I N I O N


CHARACTER OF PROCEEDING:          Appeal from the Licking County
                                          Court of Common Pleas, Juvenile
                                          Division, Case No. A2014-0757


JUDGMENT:                                Affirmed


DATE OF JUDGMENT:                    October 13, 2015


APPEARANCES:

For Plaintiff-Appellee                        For Defendant-Appellant

KENNETH W. OSWALT                    ERIN J. MCENANEY
Licking County Prosecutor              McEnaney Legal
                                            23 1/2 South Park Place, Suite 207D
By: KARRIE PRATT KUNKEL            Newark, OH 43055
Assistant Prosecuting Attorney
20 S. Second Street
Newark, OH 43055

*Baldwin, J.*

{¶1}    Appellant J.J. appeals a judgment of the Licking County Common Pleas Court, Juvenile Division, finding him delinquent by reason of resisting arrest.  Appellee is the State of Ohio.

STATEMENT OF FACTS AND CASE

{¶2}    On November 24, 2014, Maria Redanty, assistant principal of Licking Heights High School, brought appellant to her office based on an email she received. Appellant told Redanty that someone told him to shut up, and he was going to shoot her and kill her.  Redanty told appellant that he could not say things like that in school, and he responded that he didn't care.  Appellant repeated that he was going to shoot her and kill her.

{¶3}    Redanty called the police.  Appellant had an ear bud in one ear, listening to music.  He told Redanty, "If the officer comes and he rips the ear bud out of my ear, I'm going to punch him in his fucking face."  Tr. 21.

{¶4}    Officer Gerald Lemons, the school resource officer, was called to assist. Officer Jason Gross was dispatched from the Pataskala Police Department.  Upon arriving, Gross attempted to speak to appellant, who did not respond.  He decided to remove the ear bud from appellant's ear.  While Redanty tried to warn Gross concerning the threat made by appellant if the ear bud was removed, before she could finish her explanation, Gross removed the ear bud.  Appellant stood up in an aggressive stance toward Gross, with his fists clenched.

{¶5}    Officer Lemons moved in to protect Gross and Redanty.  Gross told appellant to calm down and sit down, but he did not respond.  Redanty heard Gross tell

appellant he was under arrest when appellant started to lunge at the officers and one of the officers grabbed his arm. Gross remembered telling appellant that he was under arrest during this same time period while he attempted to cuff appellant, but appellant continued to pull away. Gross and Lemon took appellant to the ground and finally handcuffed him. Appellant continued to resist and struggle until he was handcuffed. Although Lemons did not hear Gross tell appellant he was under arrest, he heard Gross tell appellant several times to "stop resisting."

{¶6} Appellant was charged with delinquency by reason of disorderly conduct and resisting arrest. He admitted the disorderly conduct charge, and the resisting arrest charge proceeding to a hearing before a magistrate. The magistrate found appellant delinquent by reason of resisting arrest. Following objections to the magistrate's report, the court overruled the objections and entered judgment in accordance with the magistrate's decision.

{¶7} Appellant assigns a single error:

{¶8} "THE CONVICTION OF THE DEFENDANT-APPELLANT WAS OBTAINED WITHOUT SUFFICIENT EVIDENCE BEING PRESENTED TO ESTABLISH EACH AND EVERY ELEMENT OF THE OFFENSE IN QUESTION."

{¶9} Appellant's sole argument on appeal is that the State failed to prove that he was informed and understood that he was under arrest.

{¶10} An appellate court's function when reviewing the sufficiency of the evidence is to determine whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the

crime proven beyond a reasonable doubt. *State v. Jenks,* 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus (1991).

{¶11} R.C. 2921.33(A) states, "No person, recklessly or by force, shall resist or interfere with a lawful arrest of the person or another." The existence of an arrest is determined by the existence of four requisite elements: (1) an intent to arrest, (2) under real or pretended authority, (3) accompanied by an actual or constructive seizure or detention of the person, and (4) which is so understood by the person arrested. *State v. Barker*, 53 Ohio St.2d 135, 372 N.E.2d 1324, paragraph one of the syllabus (1978). An arrest can occur when an officer performs a seizure of the subject that is tantamount to an arrest, and can be accomplished without the arresting officer actually telling the suspect that he is under arrest. *State v. Brooks,* 5th Dist. Knox No. 06 CA 000024, 2007-Ohio-4025, ¶15.

{¶12} In *Brooks,* the defendant argued that her conviction of resisting arrest was against the manifest weight of the evidence because the officer only told her she was under arrest after she was handcuffed, and she was not resisting at that point in time. In rejecting her argument, this Court held:

{¶13} "Any ordinary person who is pulled from his or her vehicle, placed on the ground and handcuffed would understand that he or she is being placed under arrest. Appellant did not need to hear the magic words 'you're under arrest' in order to understand that she was, in fact, under arrest." *Id.* at ¶19.

{¶14} In the instant case, Redanty testified that she heard the words "you're under arrest" around the time that appellant lunged at the officers, when one of the officers attempted to grab his arm. She testified that he continued to squirm during this

time.  Lemons did not remember hearing Gross tell appellant he was under arrest, but testified that he is hard of hearing and did hear Gross tell appellant to "stop resisting" several times while they struggled to subdue appellant.  Gross testified, "I told him to stop; to sit down.  He refused to comply, so at that point we attempted to take him into custody and place him in handcuffs and he kept twisting and pulling away.  That's when I told him he was under arrest and he continued to pull away and resist, and we took the legs out from underneath him and just laid him on the floor gently, and once we got him in handcuffs, he stopped resisting."  Tr. 56.  The testimony presented in the instant case provided sufficient evidence to support the court's finding that appellant was informed that he was under arrest, and continued resisting after being so informed.

{¶15}  Further, based on this court's reasoning in *Brooks,* an ordinary person in appellant's position would have understood that he was under arrest.  Appellant moved toward Gross in a combative manner with his fists clenched.  Officer Lemons attempted to restrain him by putting him in a bear hug, and Officer Gross attempted to handcuff him.  The officers took his legs out from under him and placed him on the ground.  Appellant continued to struggle and resist until after the handcuffs were finally placed on him.

{¶16} The court's finding of delinquency by reason of resisting arrest is supported by sufficient evidence.  The assignment of error is overruled.  The judgment of the Licking County Common Pleas Court, Juvenile Division, is affirmed.  Costs are assessed to appellant.

By: Baldwin, J.

Farmer, P.J. and

Delaney, J. concur.