[Cite as *State v. Nelson*, 2020-Ohio-4657.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | No. 19AP-548 |
| | | (C.P.C. No. 17CR-1366) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Homer L. Nelson, III, | : | |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on September 29, 2020

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Seth L. Gilbert*, for appellee.

**On brief:** *Yeura R. Venters*, Public Defender, and *Ian J. Jones*, for appellant.

APPEAL from the Franklin County Court of Common Pleas

DORRIAN, J.

{¶ 1} Defendant-appellant, Homer L. Nelson, III, appeals the judgment of the Franklin County Court of Common Pleas convicting him of felony level operating a vehicle under the influence of alcohol ("OVI") and an attached specification for certain repeat OVI offenders. For the following reasons, we affirm the trial court judgment.

## I. Facts and Procedural History

{¶ 2} By indictment filed March 8, 2017, plaintiff-appellee, State of Ohio, charged Nelson with two counts of OVI arising out of a single February 24, 2017 incident. Count 1 charged Nelson with operating a vehicle while "under the influence of alcohol, a drug of abuse, or a combination of them" in violation of R.C. 4511.19(A)(1)(a) and Count 2 charged Nelson with operating a vehicle while having "a concentration of seventeen-hundredths of one gram or more by weight of alcohol per two hundred ten liters of his breath, to wit: .20 grams" in violation of R.C. 4511.19(A)(1)(h). (Indictment at 1, 3.) Each count was elevated

to a fourth-degree felony and included an R.C. 2941.1413(A) specification for an additional prison term for certain repeat OVI offenders, based on Nelson having previously been convicted of or pleaded guilty to 5 or more violations of R.C. 4511.19(A) or (B) or other equivalent offenses within 20 years of the indicted offense.

{¶ 3} Nelson entered a plea of not guilty and filed a motion to amend or dismiss the indictment asserting that one of the five convictions used to elevate the OVI to a felony was constitutionally infirm. After a hearing on the matter, the trial court denied the motion. Thereafter, Nelson waived his right to a trial by jury and elected for the case to proceed as a bench trial.

{¶ 4} The state called Officer Alexander Stallings to testify. Officer Stallings testified that around 7:30 p.m. on February 24, 2017, he responded to a call reporting a man "passed out" inside a vehicle at the intersection of Cleveland Avenue and State Route 161. (July 9, 2019 Tr. at 11.) When he arrived, Officer Stallings observed a vehicle stopped in a turn lane at a busy intersection with the engine still running. The driver, who the parties stipulated to be Nelson, was "incoherent and slumped over" inside the car, holding a bottle of alcohol that turned out to be "Mad Dog 20/20." (July 9, 2019 Tr. at 13, 14.) Beer cans were visible in the vehicle as well. The officers at the scene put the vehicle into park and shut off the engine.

{¶ 5} Medics were eventually able to rouse Nelson. Because of the open containers of alcohol in the vehicle, the smell of alcohol on Nelson's breath, his bloodshot eyes and incoherence, the officers opened an OVI investigation. Officer Stallings conducted a horizontal gaze nystagmus ("HGN") test, and Nelson exhibited six out of six clues. Nelson refused to perform physical tests, such as the one-leg stand and walk-and-turn test. The parties stipulated the HGN test was properly conducted and physical tests were not performed.

{¶ 6} Based on the HGN test and his observations of Nelson and the vehicle, Officer Stallings placed Nelson under arrest for OVI. Thereafter, Nelson admitted to drinking 3 24-ounce beers in addition to the Mad Dog, and he agreed to take a breath test. The parties stipulated that the result of the breath test showed Nelson had a blood alcohol content of .200 and that the breath test machine was working properly.

{¶ 7} To formulate charges against Nelson, Officer Stallings testified he used "LEADS" to access the Ohio Bureau of Motor Vehicles ("BMV") database to view Nelson's license and vehicle information as well as his previous driving offenses. (July 9, 2019 Tr. at

29.) The state offered a certified copy of Nelson's driving record maintained by the registrar of motor vehicles ("BMV record") as an exhibit to show Nelson had 5 previous OVI convictions in the past 20 years. Nelson objected to admission of the BMV record on hearsay and confrontation clause grounds; the trial court admitted the records over Nelson's objection. In pertinent part, the BMV record listed 5 OVI convictions within the 20 years prior to the date of the indicted offenses:

> OFF: OVI-ALCOHOL &/OR DRUG
> BAC: .13
> CONVICTION DATE: 09/15/2006
> OFFENSE DATE: 03/17/2006
> COURT: 0110-ADAMS COUNTY COURT
> POINTS: 06
>
> OFF: OVI/REFUSAL
> CONVICTION DATE: 08/02/2005
> OFFENSE DATE: 02/15/2005
> COURT: 2520-FRANKLIN CO MUNI COURT
> POINTS: 06
>
> * * *
>
> OFF: OVI/REFUSAL
> CONVICTION DATE: 08/02/2005
> OFFENSE DATE: 06/18/2005
> COURT: 2520-FRANKLIN CO MUNI COURT
> POINTS: 06
>
> * * *
>
> OFF: OVI-ALCOHOL &/OR DRUG
> CONVICTION DATE: 11/18/1999
> OFFENSE DATE: 10/29/1999
> COURT: 6610-PIKE COUNTY COURT
> POINTS: 06
>
> * * *
>
> OFF: OVI-ALCOHOL &/OR DRUG
> CONVICTION DATE: 05/19/1998
> OFFENSE DATE: 10/28/1997
> COURT: 6610-PIKE COUNTY COURT
> POINTS: 06

(State's Ex. No. 3 at 9-10.) Nelson stipulated that his name and social security number appeared on the BMV record, but argued, in support of a Crim.R. 29 motion for acquittal and in closing argument, the state failed to prove beyond a reasonable doubt that the five prior offenses were "substantially equivalent" to R.C. 4511.19 to support the felony enhancement or the specification. (July 9, 2019 Tr. at 76.)

{¶ 8} The trial court disagreed. After finding Nelson guilty of both impaired and "per se" OVI under R.C. 4511.19, the trial court found that, based on the BMV record, the state established both OVIs should be elevated to fourth-degree felonies and proved the specifications under R.C. 2941.1413 attached to both counts. The parties stipulated the offenses merged and the state elected to proceed on sentencing on Count 2 (the per se OVI offense). The court imposed a 15-month prison term on Count 2, of which 4 months is mandatory time, consecutive to a 1-year mandatory prison term for the associated repeat offender OVI specification. The trial court further ordered alcohol counseling while incarcerated, a lifetime driver's license suspension without work privileges, and a mandatory fine.

## II. Assignments of Error

{¶ 9} Nelson appeals and assigns the following three assignments of error for our review:

> [I.] The State did not prove the prior convictions for OVI were "equivalent offenses" beyond a reasonable doubt under RC 4511.181.
>
> [II.] The State did not provide evidence that the elements of the prior convictions were for violations of RC 4511.19, for violations of municipal OVI ordinances, or for current or former laws substantially equivalent to RC 4511.19, therefore the convictions for felony OVI were against the manifest weight of the evidence.
>
> [III.] The evidence was legally insufficient to support the convictions for OVI with specifications.

## III. Analysis

{¶ 10} In his three assignments of error, Nelson essentially contends the evidence the state used to prove his prior OVI convictions (the BMV record) was insufficient to support his felony-level OVI conviction and the attached repeat offender specification and, for that same reason, his conviction for felony level OVI was against the manifest weight of

the evidence. Because the assignments of error all concern whether the BMV record in this case establishes Nelson's five previous OVI convictions, we will consider Nelson's assignments of error together.

{¶ 11} "Sufficiency of the evidence is a legal standard that tests whether the evidence introduced at trial is legally sufficient to support a verdict." *State v. Cassell*, 10th Dist. No. 08AP-1093, 2010-Ohio-1881, ¶ 36, citing *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997).  In reviewing a challenge to the sufficiency of the evidence, an appellate court must determine "whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus. Where the evidence, "if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt," it is sufficient to sustain a conviction. *Id.* Because a Crim.R. 29 motion questions the sufficiency of the evidence, we apply the same standard of review on appeal of a denial of a Crim.R. 29 motion as in a challenge to the sufficiency of the evidence. *State v. Kearns*, 10th Dist. No. 15AP-244, 2016-Ohio-5941, ¶ 44.

{¶ 12} "While sufficiency of the evidence is a test of adequacy regarding whether the evidence is legally sufficient to support the verdict as a matter of law, the criminal manifest weight of the evidence standard addresses the evidence's effect of inducing belief." *Cassell* at ¶ 38, citing *State v. Wilson*, 113 Ohio St.3d 382, 2007-Ohio-2202, ¶ 25. When evaluating a challenge to a verdict as being against the manifest weight of the evidence, "an appellate court may not merely substitute its view for that of the trier of fact, but must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. McCrary*, 10th Dist. No. 10AP-881, 2011-Ohio-3161, ¶ 12, citing *Thompkins* at 387. An appellate court should reserve reversal of a conviction as being against the manifest weight of the evidence for only the " 'exceptional case in which the evidence weighs heavily against the conviction.' " *Thompkins* at 387, quoting *State v. Martin*, 20 Ohio App.3d 172, 175 (1st Dist.1983).

{¶ 13} In this case, Nelson was charged with OVI, pursuant to R.C. 4511.19(A)(1)(a) (driving under the influence) and R.C. 4511.19(A)(1)(h) (driving with a breath-alcohol concentration over 0.17 percent). A person who violates section R.C. 4511.19(A)(1)(a) or (h) is normally guilty of a first-degree misdemeanor. R.C. 4511.19(G)(1)(a). However, in

pertinent part to this case, an OVI is elevated from a misdemeanor to a fourth-degree felony when an "offender * * * within twenty years of the offense, previously has been convicted of or pleaded guilty to five or more violations of [division (A) or (B) of this section or other equivalent offenses]." R.C. 4511.19(G)(1)(d). Similarly, the repeat OVI offender specification stated in R.C. 2941.1413 permits the addition of a mandatory additional prison term where "the offender, within twenty years of the offense, previously has been convicted of or pleaded guilty to five or more equivalent offenses." R.C. 2941.1413(A). *See State v. Klembus*, 146 Ohio St.3d 84, 2016-Ohio-1092 (holding that the application of R.C. 4511.19(G)(1)(d) and 2941.1413 to offenders with 5 or more convictions in the preceding 20 years for OVI does not violate equal protection).

{¶ 14} The term "equivalent offense" as it pertains to both R.C. 4511.19 and to the 2941.1413 specification is defined in R.C. 4511.181. R.C. 4511.181(A); 2941.1413(B). In relevant part, " 'equivalent offense' means *any* of the following:"

> (1) A violation of division (A) or (B) of section 4511.19 of the Revised Code;
>
> (2) A violation of a municipal OVI ordinance;
>
> * * *
>
> (8) A violation of an existing or former municipal ordinance, law of another state, or law of the United States that is substantially equivalent to division (A) or (B) of section 4511.19 * * *;
>
> (9) A violation of a former law of this state that was substantially equivalent to division (A) or (B) of section 4511.19 * * *.

(Emphasis added.) R.C. 4511.181(A). A "[m]unicipal OVI ordinance" means "any municipal ordinance prohibiting a person from operating a vehicle while under the influence of alcohol, a drug of abuse, or a combination of them or prohibiting a person from operating a vehicle with a prohibited concentration of alcohol, a controlled substance, or a metabolite of a controlled substance in the whole blood, blood serum or plasma, breath, or urine." R.C. 4511.181(C). Sections (A) and (B) of R.C. 4511.19[1] comprise a broad list of circumstances

---

[1] Nelson has not argued that his prior convictions fail to be "equivalent offense(s)" under R.C. 4511.181(A) due to a difference in type of OVI conviction (for example, whether a prior "impaired" OVI conviction is an equivalent offense to a "per se" OVI conviction).

constituting OVI, including operating any vehicle while: under the influence of alcohol, a drug of abuse, or a combination of them; having certain concentrations of alcohol on their breath, in their blood, blood serum or plasma, or in their urine; or having a certain concentration of controlled substances or metabolites of a controlled substance in their blood, blood serum or plasma, or urine. The Ohio legislature specifically addresses how the state may prove prior convictions. R.C. 2945.75(B) states:

> (1) Whenever in any case it is necessary to prove a prior conviction, a certified copy of the entry of judgment in such prior conviction together with evidence sufficient to identify the defendant named in the entry as the offender in the case at bar, is sufficient to prove such prior conviction.

> (2) Whenever in any case it is necessary to prove a prior conviction of an offense for which the registrar of motor vehicles maintains a record, a certified copy of the record that shows the name, date of birth, and social security number of the accused is prima-facie evidence of the identity of the accused and prima-facie evidence of all prior convictions shown on the record. The accused may offer evidence to rebut the prima-facie evidence of the accused's identity and the evidence of prior convictions. Proof of a prior conviction of an offense for which the registrar maintains a record may also be proved as provided in division (B)(1) of this section.

> (3) If the defendant claims a constitutional defect in any prior conviction, the defendant has the burden of proving the defect by a preponderance of the evidence.

Thus, to prove a prior OVI conviction, Ohio law permits the state to submit either the certified copy of the accused's record maintained by the registrar of motor vehicles or a certified copy of the entry of judgment in the prior conviction.[2] R.C. 2945.75(B)(2).

{¶ 15} Where a prior conviction raises the degree of an OVI offense from a misdemeanor to a felony, the state is required to prove the prior conviction beyond a reasonable doubt. *State v. Curtis*, 10th Dist. No. 09AP-1199, 2011-Ohio-3298, ¶ 42-49 (disagreeing with the appellant's contention that R.C. 2945.75(B)(2) improperly shifts the burden of proof and relieves the prosecution of its burden of proving all the elements, including the offender's prior OVI convictions, beyond a reasonable doubt). *See State v.*

---

[2] We note the methods listed in R.C. 2945.75(B) are not exclusive: "[W]hile R.C. 2945.75(B)(1) *permits* the state to prove a prior conviction by submitting a judgment entry of the conviction, the statute does not restrict the manner of proof to that method alone." (Emphasis sic.) *State v. Gwen*, 134 Ohio St.3d 284, 2012-Ohio-5046, ¶ 1. *Columbus v. D'Andrea*, 10th Dist. No. 11AP-207, 2011-Ohio-6132, ¶ 14.

*Tate*, 138 Ohio St.3d 139, 2014-Ohio-44, ¶ 17, quoting *State v. Allen*, 29 Ohio St.3d 53, 54 (1987), and *State v. Henderson*, 58 Ohio St.2d 171, 173 (1979) ("When a prior conviction elevates a misdemeanor to a felony, 'the prior conviction is an essential element of the crime, and must be proved by the state.' "). Thus, while "R.C. 2945.75(B)(2) permits the [s]tate to make a prima facie showing as to [the accused's] prior convictions * * * it does not relieve the [s]tate of its burden of proof nor shift the burden of proof to the accused." *Curtis* at ¶ 49.

{¶ 16} In this case, the offense predicating the instant OVI charges occurred on February 24, 2017. The state offered a certified copy of Nelson's BMV record showing Nelson was convicted in September 2006 of "OVI-alcohol &/or drug" with a blood alcohol content of .13 in Adams County Court; in August 2005 of two "OVI/refusal[s]" in Franklin County Municipal Court (associated with two separate offense dates); in November 1999 of "OVI-alcohol &/or drug" in Pike County Court; and in May 1998 of "OVI-alcohol &/or drug" in Pike County Court. Nelson at trial stipulated to his identity on the BMV record.

{¶ 17} Contrary to Nelson's position, the BMV record here is legally sufficient to support the felony level OVI conviction and attached repeat offender specification. R.C. 2945.75(B)(2) expressly allows the state to rely on a certified copy of the accused's BMV record as prima facie evidence of prior OVI convictions. *Curtis* at ¶ 62. Similar to this case, in *Curtis* we upheld a trial court's determination that the appellant had three prior OVI convictions based on his BMV record alone, which showed "convictions for offenses related to operating a motor vehicle while under the influence." *Id.* at ¶ 20, 62-63. Specifically, in addressing the appellant's sufficiency and manifest weight challenge on this point, we held the state's use of a certified copy of the appellant's BMV record to prove prior OVI convictions was proper since the BMV record is prima facie evidence under R.C. 2945.75(B)(2), the appellant did not dispute the accuracy of the record or his convictions, and the appellant's due process challenge to the evidence failed. *Id.* at ¶ 62-63.

{¶ 18} Nelson agrees "[t]he BMV records showed Mr. Nelson had five convictions for OVI within the prior twenty years." (Nelson's Brief at 4.) He also agrees "the certified BMV records may have been admissible as 'prima-facie evidence of all prior convictions shown on the record' " under R.C. 2945.75(B)(2). (Nelson's Brief at 12.) However, Nelson contends that "without listing a code section for the violations, the records were not sufficient to allow a trier of fact to look to 'the elements of the relevant criminal statutes' " as required by *State v. Lloyd*, 132 Ohio St.3d 135, 2012-Ohio-2015. (Nelson's Brief at 12.)

Nelson believes the trial court should have followed the analysis in *Lloyd* and looked not only at the fact of conviction for "OVI" but also to the elements of the statutes involved to determine whether Nelson violated R.C. 4511.19, a municipal OVI ordinance, or a current or former law substantially equivalent to R.C. 4511.19.[3]

{¶ 19} Nelson's argument concerning *Lloyd* does not compel us to diverge from *Curtis* in this case. In *Lloyd*, the Supreme Court of Ohio in pertinent part "explain[ed] the analysis that a court must undertake in determining * * * whether an out-of-state conviction is a sexually oriented offense that triggers a duty to register in Ohio." *Id.* at ¶ 1. The statute involved, R.C. 2950.01(A)(11), labeled an out of state conviction as a sexually oriented offense under Ohio law if it is or was "substantially equivalent" to certain Ohio offenses. *Id.* at ¶ 13. The *Lloyd* court held that a court must initially look only to the fact of conviction and the elements of the relevant statutes to determine whether an out-of-state conviction is substantially equivalent to a listed Ohio offense, and, if that route fails, the court may, in some cases, go beyond the statutes and rely on portions of the record to make this determination. *Id.* at ¶ 31.

{¶ 20} *Lloyd* is distinguishable from the instant case on several grounds, namely: it does not concern comparison of prior in-state convictions with a later Ohio offense, it does not address the OVI statutory scheme, and it does not involve a statute such as R.C. 2945.75 that specifically authorizes a certified, Ohio state record as prima facie evidence of a prior conviction. Rather than proceeding as Nelson suggests, an appellate court addressing the issue of proof of prior convictions specifically in the OVI context found that "R.C. 2945.75(B)(2) * * * does not require the inclusion of the particular statute, code, or ordinance under which the [s]tate obtained a particular conviction." *State v. Simin*, 9th Dist. No. 26016, 2012-Ohio-4389, ¶ 38 (disagreeing with the appellant's argument that state's proof of prior OVI conviction was insufficient because the certified copy of his driving record did not indicate which particular statute his conviction fell under and only listed each offense as "OVI — ALCOHOL &/OR DRUG.").

---

[3] While Nelson argued to the trial court that, in the past, the Ohio OVI statute included physical control of a vehicle, he makes no such argument here, and we decline to create an argument on his behalf in this regard. *State v. Sims*, 10th Dist. No. 14AP-1025, 2016-Ohio-4763, ¶ 11 (stating general rule that an appellant bears the burden of affirmatively demonstrating error on appeal); *State v. Hubbard*, 10th Dist. No. 11AP-945, 2013-Ohio-2735, ¶ 34 ("[a]n appellant must support their assignments of error with an argument, which includes citation to legal authority"), citing App.R. 16(A)(7) and 12(A)(2); *State v. Smith*, 9th Dist. No. 15AP0001n, 2017-Ohio-359, ¶ 22 (noting that it is not the duty of an appellate court to create an argument on an appellant's behalf).

{¶ 21} For these reasons, we disagree with Nelson that *Lloyd* required the state in this case to provide evidence of the elements of each prior OVI conviction to support felony OVI under R.C. 4511.19(G)(1)(d) or the repeat OVI offender specification under R.C. 2941.1413. As a result, we find the trial court did not err in not applying the *Lloyd* analysis to OVI law, and Nelson did not demonstrate the BMV record is insufficient to serve as prima facie evidence of Nelson's prior, equivalent OVI offenses as defined under R.C. 4511.181(A).

{¶ 22} Considering all the above, and after viewing the BMV record in a light most favorable to the prosecution, we find a rational trier of fact could have found Nelson's 5 OVI convictions in the 20 years prior to the instant offense to be proven beyond a reasonable doubt under the definition set forth in R.C. 4511.181(A). *Jenks.* As a result, Nelson's first and third assignments of error lack merit.

{¶ 23} Nelson's second assignment of error contends his convictions for felony OVI were against the manifest weight of the evidence. Specifically, Nelson asserts the state failed to "provide evidence that the elements of the prior convictions were for violations of R.C. 4511.19, for violations of municipal OVI ordinances, or for current or former laws substantially equivalent to R.C. 4511.19." (Nelson's Brief at 15.) Therefore, in Nelson's view, "[b]ecause such evidence was necessary to prove the essential element of all five prior convictions to elevate the charge to a felony OVI, the guilty verdict in the present case was against the manifest weight of the evidence." (Nelson's Brief at 15.)

{¶ 24} Nelson's manifest weight of the evidence argument is again premised on the state's failure to provide evidence of the elements of Nelson's five previous OVI convictions, resulting in the state failing to prove those convictions were "equivalent offenses" under R.C. 4511.181(A) and 4511.19(G)(1)(d). We already found this argument to lack merit, having determined the state's evidence of the BMV record showing Nelson was convicted in Ohio of either "OVI-alcohol &/or drug" or "OVI refusal" 5 times in the 20 years prior to the instant offense was sufficient pursuant to R.C. 2945.75(B)(2) to serve as prima facie evidence of those convictions. *Curtis* at ¶ 62-63; *Simin* at ¶ 38.

{¶ 25} As previously explained, having presented its prima facie case of Nelson's prior OVI convictions, the state retained the burden of proof. *Curtis* at ¶ 49; *Cleveland v. Keah*, 157 Ohio St. 331 (1952), paragraph two of the syllabus ("A prima facie case is one in which the evidence is sufficient to support but not to compel a certain conclusion and does no more than furnish evidence to be considered and weighed but not necessarily to be

accepted by the trier of the facts."). In this case, the trier of fact determined the evidence established Nelson's five prior convictions.

{¶ 26} We find no error in this conclusion. Although R.C. 2945.75(B)(2) permits the accused to offer evidence to rebut the prima facie evidence of prior convictions, in this case Nelson did not offer evidence that any of the five convictions were not for equivalent offenses under the statutory definition set forth in R.C. 4511.181. Contrary to Nelson's argument, we cannot say the trier of fact lost its way, creating a manifest miscarriage of justice in these circumstances. *Curtis* at ¶ 62-63.

{¶ 27} Accordingly, because we conclude sufficient evidence supported the fourth-degree felony OVI conviction and the attached repeat OVI offender specification, and the conviction was not against the manifest weight of the evidence, we overrule Nelson's three assignments of error.

## IV. Conclusion

{¶ 28} Having overruled Nelson's three assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

SADLER, P.J., and BEATTY BLUNT, J., concur.

———————————