[Cite as *State v. Berhe*, 2024-Ohio-3135.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | Hon. John W. Wise, J.<br>Hon. Andrew J. King, J. |
| -vs- | Case Nos. 2024-CA-00020 &<br>2024-CA-00021 |
| DAWIT BERHE | |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDINGS:     Appeal from the Licking County Municipal
Court, Case Nos. 23TRC04015 &
23CRB00675

JUDGMENT:                                      Affirmed

DATE OF JUDGMENT ENTRY:          August 15, 2024

APPEARANCES:

For Plaintiff-Appellee                          For Defendant-Appellant

J. MICHAEL KING                              CHRIS BRIGDON
Assistant Law Director                        8138 Somerset Road
City of Newark                                  Thornville, Ohio 43076
40 West Main Street, Fourth Floor
Newark, Ohio 43055

*King, J.*

**{¶1}** Defendant-Appellant Dawit Berhe appeals the January 9, 2024 judgment of the Licking County Municipal Court convicting him following bench trial of operating a vehicle while intoxicated (OVI) (R.C. 4511.19(A)(1)(a)) and possession of marijuana (R.C. 2925.11(C)(3)), and convicting him upon his pleas of guilty to driving under suspension (R.C. 4510.11(A)) and speeding (R.C. 4511.21).  Plaintiff-Appellee is the State of Ohio.

FACTS AND PROCEDURAL HISTORY

**{¶2}** At 1:49 a.m. on May 20, 2023, Trooper Justin Capps of the Ohio State Highway Patrol observed a vehicle traveling 46 miles an hour in a 35 mile per hour zone on Route 16 in Pataskala, Ohio.  The vehicle was also drifting within its lane.  Trooper Capps stopped the vehicle, which was driven by Berhe.

**{¶3}** Trooper Capps immediately noticed a strong odor of raw marijuana emanating from inside the vehicle.  Berhe was sweating profusely despite the fact the outside temperature was not hot.  Berhe's eyes were red, glassy and bloodshot, and Berhe displayed diminished fine motor skills when asked for his identification documents.  Berhe's speech was slow, deliberate, and slurred at times.

**{¶4}** Trooper Capps asked Berhe to exit the vehicle.  When the vehicle door opened, the Trooper saw a large plastic baggie containing raw marijuana in plain view.  The trooper asked Berhe to walk to the front of the police cruiser to administer field sobriety tests.  Berhe exhibited six out of six clues on the horizontal gaze nystagmus test.  Trooper Capps did not administer the walk and turn or one leg stand test because Berhe indicated he was unable to perform these tests. The trooper conducted an eye convergence test, and noted Berhe's eyes failed to converge on two separate occasions, indicating depression of the central nervous system.  Berhe's performance on the

modified Romberg test also indicated impairment.  Berhe admitted to smoking marijuana earlier.

{¶5}    Berhe was placed under arrest for OVI. During the search of Berhe's person incident to the arrest, Trooper Capps found a pill in Berhe's pocket, which he identified on a pill identifier website as Vicodin.  The Trooper also found a large sum of cash on Berhe, and a bit of raw marijuana.

{¶6}    Berhe was charged with speeding, driving under suspension, OVI, and possession of marijuana.  The case proceeded to bench trial.  Berhe entered a plea of guilty to speeding and driving under suspension.  Following bench trial, the trial court found Berhe guilty of OVI and possession of marijuana.  On the OVI conviction, the trial court sentenced Berhe to 60 days in jail with 57 days suspended.  He was placed on probation for one year, including a three-day driver intervention program for which he would receive jail credit.  He was fined $375 for OVI, $44 for speeding, and $125 for driving under suspension.  On the possession of marijuana conviction, the trial court entered a fine of $0 and waived court costs.

{¶7}    Berhe filed a notice of appeal from the OVI conviction, Licking County Municipal Court No. 23TRC4015, which was assigned App. No. 24CA00020.  Berhe filed a notice of appeal from the possession of marijuana conviction, Licking County Municipal Court No. 23CRB00675, which was assigned App. No. 24CA00021.  Because the cases were tried together and Berhe raises the same assignment of error in each appeal, we hereby consolidate the appeals for purposes of opinion only.  Berhe assigns the following error:

DID THE TRIAL COURT ERROR WHEN ADMITTING EXHIBITS 2

& 3 OVER HEARSAY OBJECTION?

I.

**{¶8}** In his sole assignment of error, Berhe argues the trial court erred in admitting into evidence over his hearsay objection State's Exhibit 2 and 3, the manual and known substance chart pursuant to which Trooper Capps was trained.

**{¶9}** "A trial court is vested with broad discretion in determining the admissibility of evidence in any particular case, so long as such discretion is exercised in line with the rules of procedure and evidence." *Rigby v. Lake Cty.*, 58 Ohio St.3d 269, 271, (1991).

**{¶10}** "'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted in the statement" and is generally not admissible at trial. Evid.R. 801(C). "A statement is not hearsay when offered for a purpose other than to prove the truth of the matter asserted." *State v. Osie*, 2014-Ohio-2966, ¶ 118.

**{¶11}** The instant case was tried to the bench. An appellate court must presume, in reviewing a bench trial, that the trial court considered nothing but relevant and competent evidence in reaching its verdict. The presumption may be overcome only if the appellant affirmatively shows the contrary to be true. *State v. Wiles,* 59 Ohio St.3d 71 (1991).

**{¶12}** At the time the State offered the exhibits for admission into evidence, Berhe objected on the grounds the exhibits contained hearsay. The State argued the purpose of admitting the exhibits was to show the Trooper's training:

THE COURT: Yes.  What is the purpose just?

MR. KING: To show his training experience.

THE COURT: Once he was trained how he was trained.

MR. KING: Yes and what he's looking for because obviously this is not an alcohol based uh arrest it is a drug uh he did get 6 out of 6 clues you would not expect that uh as the testimony would indicated uh with marijuana however when you combine marijuana with something else such as the central nervous system uh depressant uh than you would expect to find uh hgn.

THE COURT: Anything else to that Mr. Calesaric?

ATTY CALESARIC: No your honor.

THE COURT: Okay.  I would uh admit it for that purpose only I guess I don't think they are (inaudible) evidence.

**{¶13}**  Tr. 51.

**{¶14}**  The trial court did not admit the manual and chart for the proof of the matter asserted therein, but instead for the limited purpose of demonstrating Trooper Capps's training regarding the effect of drugs, as opposed to alcohol, on the horizontal gaze nystagmus test.  When questioned concerning his training pursuant to the manual and the chart, Trooper Capps testified the clues Berhe demonstrated on the field sobriety tests are consistent with depression of the central nervous system due to the administration of a depressant in addition to marijuana.  Tr. 28, 47-48.  A pill identified in the field as Vicodin

was found in Berhe's pocket.    In convicting Berhe of OVI immediately at the conclusion of trial, the trial court stated:

> THE COURT:  Okay.  Okay well I'll will uh I'll I'll say this I think this case is distinguishable like you said in that in that there were uh 2 drugs identified and admission of using marijuana.  And (inaudible) said Itself you know that can be identified by the circumstantial evidence which I think there was enough of here for that purpose.

**{¶15}**  Tr. 80.

**{¶16}**  Nothing in the trial court's finding of guilty suggests the trial court relied on hearsay information in the manual or the chart in finding Berhe guilty, rather than on the Trooper's testimony concerning his training pursuant to the exhibits.  We find Berhe has not overcome the presumption the trial court relied solely on admissible evidence in reaching its decision.

**{¶17}**  Assuming arguendo the trial court erred in admitting the exhibits into evidence, we find any error is harmless.  Crim.R. 52(A) defines harmless error and states: "Any error, defect, irregularity, or variance which does not affect substantial rights shall be disregarded." Under the harmless error standard of review, "the government bears the burden of demonstrating that the error did not affect the substantial rights of the defendant." *State v. Perry,* 2004-Ohio-297, ¶ 15, *citing United States v. Olano*, 507 U.S. 725, 741 (1993).  The trial court's statements when admitting the evidence indicate the trial court did not consider the exhibits to be substantive evidence.  Sufficient evidence

was presented to demonstrate that Berhe displayed signs of driving while impaired, including Berhe's performance on field sobriety tests. The Trooper testified his observations of Berhe's appearance and behavior suggested impairment. The Trooper testified a baggie of marijuana was found in the car, marijuana and a pill field-identified as Vicodin were found on Berhe's person, and Berhe admitted to smoking marijuana earlier. Any error in admitting the exhibits was harmless due to the evidence of guilt admitted at trial.

{¶18} Although Berhe assigns the same error in both appeals, the admission of the exhibits had no bearing on the conviction for possession of marijuana. Although a small amount of marijuana was found on Berhe's person during the search incident to his OVI arrest, the complaint is not based solely on the marijuana found in his pocket, but also on the baggie of marijuana found in plain view in the vehicle following the stop of the vehicle for speeding.

**{¶19}**  The assignment of error is overruled.  The judgment of the Licking County Municipal Court is affirmed.

By: King, J.

Gwin, P.J.  and

Wise, J. concur