[Cite as *State v. Williams*, 2025-Ohio-944.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. Craig R. Baldwin, P.J. |
|  | : | Hon. Michael D. Hess,V.J. |
| Plaintiff-Appellee | : | Hon. Jason P. Smith,V.J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case Nos.   2024CA00023 |
| SAMUEL D. WILLIAMS | : | 2024CA00024 |
|  | : |  |
| Defendant-Appellant | : | <u>OPINION</u> |

Judge Hess and Judge Smith
Sitting by Assignment of the
Supreme Court of Ohio

CHARACTER OF PROCEEDING:     Criminal appeal from the Fairfield Municipal
                             Court, Case Nos. CRB2300685 &
                             23TRD03274

JUDGMENT:                    Affirmed

DATE OF JUDGMENT ENTRY:      March 19, 2025

APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

JAMES E. YOUNG                        JAMES L. DYE
Lancaster Law Department              P.O. Box 161
136 West Main Street                  Pickerington, OH 43147
Lancaster, OH 43130

*Smith, V.J.,*

{¶1} Appellant Samuel D. Williams appeals his convictions and sentence from the Fairfield County Municipal Court.

*Facts & Procedural History*

{¶2} In Case Number CRB 2300685, appellant was charged with one count of failure to comply with the order or signal of a police officer, in violation of R.C. 2921.331(A), a misdemeanor of the first degree, and one count of obstructing official business, a violation of R.C. 2921.31, a misdemeanor of the second degree. In Case Number 23 TRD 3274, appellant was charged with: one count of failure to reinstate, in violation of R.C. 4510.21, an unclassified misdemeanor, one count of driving on a judgment suspension in violation of R.C. 4510.16, an unclassified misdemeanor, one count of driving under suspension, in violation of R.C. 4510.11, an unclassified misdemeanor, and one count of reckless operation, in violation of R.C. 4511.20, a minor misdemeanor.

{¶3} A jury trial was held on the obstructing official business and failure to comply charges, while the remaining charges were tried to the court.

{¶4} Office Nathan Vaughn of the Pickerington Police Department was on patrol the early morning of April 30, 2023. As he was making a left-hand turn, a Dodge SUV was coming at him at a high rate of speed, approximately 50 or 60 miles per hour in a 25 mile per hour zone. The vehicle almost hit his driver's side door, but came to a stop. The vehicle then drove around Vaughn and went east on Brighton Street. As Vaughn was getting ready to engage in a traffic stop, the Dodge pulled onto Brighton Street and parked

in the driveway of a home. Vaughn identified appellant as the person he came into contact with at 2:00 a.m. on April 30, 2023.

{¶5} When Vaughn got out of his car to approach appellant at the home, appellant seemed confused and disoriented. Appellant's dog got out of the vehicle and started coming at Vaughn in a vicious manner. Vaughn told appellant to get the dog under control. Appellant called the dog and then took the dog inside the house and closed the door. Vaughn announced himself, knocked, and announced himself again, asking appellant to come outside. After several failures, Vaughn went back to his cruiser to ask dispatch about the driver and/or the driver's license status.

{¶6} Vaughn ran the license plate of the Dodge and it came back as registered to an auto shop. Vaughn then asked dispatch if there was any history with individuals at that residence. Dispatch sent Vaugh a BMV photo of appellant, and Vaughn confirmed appellant was the person driving the Dodge. The LEADS information on appellant showed appellant was under multiple driving suspensions and a license forfeiture.

{¶7} Vaughn then asked for another officer to assist him. They returned to the house and made commands for appellant to come out approximately five times because, once Vaughn determined there was a license suspension, he needed to give appellant a citation. At one point, Vaughn got back into his cruiser and gave verbal commands over the loudspeaker for appellant to come out of the house, but he did not come out. During the encounter, appellant opened the door, saw the officers, said something, and then slammed the door. When appellant opened the door, he was naked.

{¶8} After multiple attempts to get appellant to come out, Vaughn left the scene. However, Vaughn was then notified that Violet Township medics were dispatched to

appellant's address.  When Vaughn arrived for the second time, appellant opened the second story window.  Vaughn told appellant he needed him to come out so he could issue him a traffic citation, but appellant would not come out of the house.  Vaughn also asked him if he had any medical emergency.

{¶9}  Vaughn was not able to issue the traffic citation to appellant that night. Vaughn testified he was delayed in his duties as a law enforcement officer that night, and appellant did not follow his lawful commands.

{¶10}  The State marked Exhibit A, which was a "packet."  Vaughn testified he recognized the packet, which was a verification of records from appellant.  Vaughn read the following, "this certifies that a search has been made of the file and records of the Registrar of Motor Vehicles, that the attached documents are true and accurate copies of the files or records of the Registrar and the Registrar's official seal has been affixed in accordance with the Ohio Revised Code, R.C. 4501.34(A) * * *."  Vaughn testified the packet contained the records of appellant, whose birthdate is June 24,1981.  Counsel for the State asked, "and is that – is that the identification of the Defendant?"  Vaughn responded, "Yes, sir, it is."  Counsel for the State began to ask Vaughn about each of the license suspensions and citations listed in the packet.  At that point, counsel for appellant asked to approach the bench, and stipulated appellant had suspensions so that counsel for the State would not have Vaughn read each citation or suspension into the record. Exhibit A was not sent to the jury, as the exhibit impacted only the charges that were tried to the bench.

{¶11}  On cross-examination, Vaughn stated when appellant first sped past him and almost hit him, he did not activate his lights or his dash cam.  Further, he never rang

appellant's doorbell, but knocked repeatedly instead. Vaughn was at appellant's home approximately two years prior to this incident; however, he did not remember he had previously been there until after the night in question.

{¶12} Officer Thomas Frazey with the Pickerington Police arrived on the scene after Vaughn called for backup. He went with Vaughn to attempt to make contact with appellant. They knocked on the door numerous times, and, at one point, made verbal commands on the loudspeaker for appellant to exit the home. However, appellant did not exit the home. During the incident, appellant opened the door once, naked. Frazey pointed out appellant in the courtroom as the man inside the house.

{¶13} Counsel for appellant made a Criminal Rule 29 motion to dismiss based upon the fact that the State failed to establish there was reasonable suspicion for the stop and because appellant did not hear the officer say he needed to come out of the house. The trial court overruled the motion.

{¶14} The jury found appellant guilty of obstructing official business and failure to comply. The trial judge found appellant guilty of the remainder of the charges.

{¶15} The trial court held a sentencing hearing on June 11, 2024. The court merged the failure to comply count and obstructing count for purposes of sentencing, and sentenced appellant to 180 days in prison, with 174 days suspended, a fine, and two years of probation. On the license and driving charges, appellant was given a $25 fine, plus costs, for all counts. The trial court issued a final judgment entry on June 11, 2024.

{¶16} Appellant appeals his convictions and assigns the following as error:

{¶17} "I. THE TRIAL COURT ERRED AND THEREBY DEPRIVED APPELLANT OF DUE PROCESS OF LAW AS GUARANTEED BY THE FOURNTEENTH

AMENDMENT TO THE UNITED STATES CONSTITUTION AND COMPARABLE PROVISIONS OF THE OHIO CONSTITUTION BY FINDING APPELLANT GUILTY OF THE OFFENSE OF THE DRIVER'S LICENSE OFFENSES AS DEFENDANT'S IDENTITY AND THE VARIOUS SUSPENSIONS WERE NOT SUFFICIENTLY PROVEN.

{¶18} "II. THE TRIAL COURT ERRED AND THEREBY DEPRIVED APPELLANT OF DUE PROCESS OF LAW AS GUARANTEED BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND COMPARABLE PROVISIONS OF THE OHIO CONSTITUTION BY FINDING APPELLANT GUILTY OF THE OFFENSE OF OBSTRUCTION OF OFFICIAL BUSINESS AS THE STATE FAILED TO PRESENT SUFFICIENT EVIDENCE THAT DEFENDANT PERFORMED AN AFFIRMATIVE ACT THAT ACTUALLY HAMPERED OR IMPEDED PUBLIC OFFICIALS IN THE PERFORMANCE OF THEIR DUTIES."

I.

{¶19} In his first assignment of error, appellant contends the trial court deprived him of due process of law by finding him guilty of the driver's license offenses because appellant's identity and the various suspensions were not sufficiently proven. Specifically, appellant argues that, while Exhibit A (appellant's BMV and LEADS records) was introduced into evidence, no one testified and there was no evidence admitted that the individual named and identified in Exhibit A was, in fact, appellant. Appellant argues Vaughn never testified that he compared photos, license number, birth dates, social security numbers, or any other identifying characteristics which would provide evidence sufficient to identify appellant as the subject named in Exhibit A.

{¶20} The standard of review for a challenge to the sufficiency of the evidence is set forth in *State v. Jenks*, 61 Ohio St.3d 259 (1991), in which the Ohio Supreme Court held, "an appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."

{¶21} Appellant cites R.C. 2945.75(B)(1) in support of his argument. This section provides, "whenever in any case it is necessary to prove a prior conviction, a certified copy of the entry of judgement in such prior conviction together with evidence sufficient to identify the defendant named in the entry as the offender in the case at bar, is sufficient to prove such prior conviction. Appellant contends there was not "evidence sufficient to identify the defendant named in the entry" of records contained in Exhibit A.

{¶22} However, R.C. 2945.75(B)(2) provides:

Whenever in any case it is necessary to provide a prior conviction of an offense for which the registrar of motor vehicles maintains a record, a certified copy of the record that shows the name, date of birth, social security number of the accused is prima-facie evidence of the identity of the accused and prima-facie evidence of all prior convictions shown on the record. The accused may offer evidence to rebut the prima-facie evidence of the accused's identity and the evidence of prior convictions. Proof of a

prior conviction of an offense for which the registrar maintains a record may also be proved as provided in division (B)(1) of this section.

{¶23} Exhibit A, the "packet," includes a letter from the Motor Vehicle Registrar of Ohio indicating the documents are "true and accurate copies of the files or records of the Registrar." The records are certified copies that show appellant's name, appellant's date of birth, appellant's physical description, and appellant's social security number. Accordingly, pursuant to R.C. 2945.75(B)(2), the exhibit provides prima-facie evidence of the identity of the accused and prima-facie evidence of all prior convictions shown on the record. At trial, appellant did not offer any evidence to rebut the prima-facie evidence of his identity and evidence of prior convictions. Rather, appellant stipulated to Exhibit A so that counsel for the State would not have Vaughn read each citation or suspension into the record. Accordingly, pursuant to R.C. 2945.75(B)(2), sufficient evidence was shown to demonstrate appellant's prior convictions. The State's use of a certified copy of appellant's BMV record was proper since the BMV record is prima facie evidence under R.C. 2945.75(B)(2). Appellant did not dispute the accuracy of the record or his convictions; accordingly, appellant's due process and sufficiency of the evidence argument fails. *State v. Nelson*, 2020-Ohio-4657 (10th Dist.).

{¶24} Additionally, even if R.C. 2945.75(B)(1) is utilized, we find there was "evidence sufficient to identify the defendant named in the entry as the offender in the case at bar." At trial, Vaughn identified appellant, who was sitting in the courtroom, as the person he pulled over that night during this incident. He was asked if he conducted a check on appellant's driver's license. Vaughn confirmed he ran a check on LEADS and was able to confirm there were "multiple driving suspensions." Directly after that

testimony, the State provided Vaughn with Exhibit A and asked Vaughn to identify and review it. Vaughn testified he recognized the packet. Vaughn read the letter from the Registrar that the attached documents are true and accurate copies of the files or records of the Registrar. Vaughn testified the packet contained the prior convictions of appellant, whose birth date is June 24, 1981. Counsel for the State asked, "and is that – is that the identification of the Defendant?" Vaughn responded, "Yes, sir, it is." Counsel for the State began to ask Vaughn about each of the license suspensions and citations listed in the packet. At that point, counsel for appellant asked to approach the bench, and stipulated appellant had suspensions so that counsel for the State would not have Vaughn read each citation or suspension into the record. Exhibit A was not sent to the jury, as the exhibit impacted only the charges that were tried to the bench.

{¶25} We find that any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt from Vaughn's testimony and appellant's certified BMV record, when viewed in a light most favorable to the prosecution. Further, Exhibit A did not go to the jury because the driver's license offenses were tried to the court. An appellate court must presume, in reviewing a bench trial, that the trial court considered nothing but relevant and competent evidence in reaching its verdict. *State v. Berhe*, 2024-Ohio-3135 (5th Dist.). The presumption may be overcome only if the appellant affirmatively shows the contrary to be true. *State v. Wiles*, 59 Ohio St.3d 71 (1991). Appellant has made no such showing.

{¶26} Appellant's first assignment of error is overruled.

II.

{¶27} In his second assignment of error, appellant contends the trial court committed error by finding appellant guilty of obstruction of official business because the State failed to present sufficient evidence that appellant performed an affirmative act that actually hampered or impeded public officials in the performance of their duties. Specifically, appellant contends that his actions in failing to obey law enforcement (i.e. his refusal to come back outside of his home) was a refusal to act, not an affirmative action sufficient to meet the requirements of R.C. 2921.31(A).

{¶28} The standard of review for a challenge to the sufficiency of the evidence is set forth in *State v. Jenks*, 61 Ohio St.3d 259 (1991), in which the Ohio Supreme Court held, "an appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."

{¶29} Appellant was convicted of obstructing official business, as defined by R.C. 2921.31(A):

No person, without privilege to do so and with purpose to prevent, obstruct, or delay the performance by a public official of any authorized act within the public official's official capacity, shall do any act that hampers or impedes a public official in the performance of the public official's lawful duties.

**{¶30}** "Ohio courts have consistently held that in order to violate the obstructing official business statute a defendant must engage in some affirmative or overt act or undertaking that hampers or impedes a public official in the performance of the official's duties * * *." *State v. Brooks*, 2007-Ohio-4025 (5th Dist.). "The proper focus in a prosecution for obstructing official business is on the defendant's conduct, verbal or physical, and its effect on the public official's ability to perform the official's lawful duties." *State v. Wellman*, 2007-Ohio-2953 (1st Dist.).

**{¶31}** This Court has previously held that a defendant's repeated failure to comply with officers' requests to exit the home constituted affirmative acts which supported a conviction for obstructing official business. *State v. Williams*, 2021-Ohio-4200 (5th Dist.). We stated in *Williams*, "appellant's persistent disregard of the orders of the officers to exit the residence was sufficient evidence from which the trial court as the trier of fact could conclude he acted with the specific intent to prevent, obstruct, or delay officers in their lawful duties." *Id;* see also *State v. Friedman*, 2013-Ohio-4669 (continued refusal to leave home constituted an "act" within the meaning of the statute).

**{¶32}** The facts in this case are analogous to the *Williams* case. The first time Vaughn approached the house, he knocked several times, asking appellant to come outside. After Vaughn discovered the license suspensions, Officers Vaughn and Frazey made commands at least five times for appellant to come out of the house. At least one time, the officers gave the verbal command to come out of the house via the loudspeaker on the police cruiser. Further, at one point, appellant opened the door, but was naked and still refused to come out of the house. Vaughn testified he was not able to issue the

traffic citation because appellant would not come out, and that he was delayed in his duties as a law enforcement official.

{¶33} Appellant's continued refusal to come out of his home and his persistence in disregarding the orders of the police to leave the home was sufficient evidence from which a rational trier of fact could conclude that he acted with the specific intent to prevent, obstruct, or delay the officers in their lawful duties. Appellant's second assignment of error is overruled.

{¶34} Based on the foregoing, appellant's assignments of error are overruled. Appellant's convictions and sentence from the Municipal Court of Fairfield County are affirmed.

By: Smith, V.J.,

Baldwin, P.J.,

Hess, V.J., concur